## 40284. PHILLIPS v. THE STATE.

FRANKUM, Judge. █ A ground of a motion for a new trial complaining of the admission of evidence must show that the movant objected to the evidence at the time it was offered and must set forth the objection urged before the court at the time. *Hardy v. Hardy*, 149 Ga. 371 (3) (100 SE 101); *Clare v. Drexler*, 152 Ga. 419 (5) (110 SE 176). Special ground 1 of the amended motion for new trial complains because the court permitted three named witnesses to give testimony about things discovered as a result of an alleged illegal search because it is contended that the warrant under which the search was conducted was issued without probable cause; special ground 2 contends that the court erred in admitting the warrant itself in evidence for the same reason; and special ground 3 complains that the court erred in admitting the warrant in evidence because the laws of Georgia do not authorize the issuance of a search warrant by a justice of the peace. None of these grounds show that any such objections were urged before the court at the time this evidence was offered, and, under the rules of law first stated, they do not, therefore, show reversible error.

Special ground 4 assigns error on a portion of the judge's charge because it is contended that it relieved the State of the burden of establishing knowledge on the part of the defendant that the numbers on the automobile had been altered and falsified as charged in the indictment. The record shows that immediately preceding the charge thus complained of the judge instructed the jury as to the four essential elements necessary to be proved in order to authorize the conviction of the defendant. Among these elements stated by the judge was "knowledge that an identification number on the vehicle engine had been removed or falsified and with intent to conceal or misrepresent the identity of the vehicle or engine." It was not incumbent upon the judge to repeat this requirement in connection with the portion of the charge complained of in special ground 4. *Southern R. Co. v. Gale,* 103 Ga. App 87, 90 (1) (118 SE2d 742) ; *Williams Bros. Grocery Co. v. Blanton,* 105 Ga. App. 314, 320 (5) (124 SE2d 479).

3. The evidence showed that the arresting officers drove their automobile into the driveway of the defendant's home; that the defendant and another person, who ran from the scene, were in the carport wherein was located an automobile which had recently been stolen in Atlanta; that the identifying number located on the front doorpost of the automobile had been removed, and the body had been partially disassembled from the frame and jacked up in a manner which would enable the removal of the identifying numbers from the frame. The defendant at that time freely and voluntarily admitted his participation in the crime charged. This evidence authorized the conviction.

*Judgment affirmed. Nichols, P. J., and Jordan, J., concur.*

DECIDED OCTOBER 23, 1963.

*George G. Finch,* for plaintiff in error.

*Jeff C. Wayne, Solicitor General, C. Frank Strickland, Jr.,* contra.