## 49463. PARSONS v. HARRISON.

CLARK, Judge.
This appeal is by a defendant motorist against whom a verdict was rendered in favor of a plaintiff who had sustained injuries in a collision between the motorcycle on which plaintiff was riding and the pick-up truck driven by defendant. The parties were proceeding in opposite directions on a two-lane highway when defendant turned left into the path of the approaching

motorcyclist to enter a side road and the plaintiff's motorcycle hit the right rear fender of defendant's vehicle. After denial of a new trial motion, this appeal followed from that judgment.

As appellant has succinctly stated in the form of appropriate questions the issues raised by his various enumerations of error, we will use appellant's seven questions as the basis of this opinion.

1. "May the plaintiff inject the question and fact of insurance into his voir dire questioning of the jury?" Our answer as to the case at bar is to hold that there was no error in this particular case.

After the court had qualified the jurors as to Georgia Mutual Insurance Company, defendant's liability carrier, plaintiff's counsel used his voir dire on each panel to ask two additional questions addressed to the panel as a whole and not to each juror individually. The first was: "The judge has asked you if you were presently an agent, employee or policyholder with Georgia Mutual Insurance Company; now, I would like to ask you if you have ever been an agent or employee of Georgia Mutual Insurance Company or any other insurance company?" The other was: "Are there any of you that have ever worked as a claims agent for any insurance company?" In each instance defense objections accompanied by mistrial motions were overruled.

Appellant contends the trial court rulings on these two questions were error in that insurance was thereby injected into the case to the extent that prejudice was unfairly created. In addition to relying upon those cases cited in *Black v. New Holland Baptist Church,* 122 Ga. App. 606, 609 (178 SE2d 571) forbidding the admission of evidence relevant to liability insurance, defendant contends *Whaley v. Sim Grady Machinery Co.,* 218 Ga. 838 (131 SE2d 181) and *Weatherbee v. Hutcheson,* 114 Ga. App. 761 (152 SE2d 715) entitle him to a new trial, these cases are not applicable here. Excepting for the voir dire questions there was no mention of insurance during the course of the trial. In the *Whaley* case the Supreme Court based its ruling upon the record having contained nothing to show any insurance coverage. In the *Weatherbee* opinion the fourth headnote does state that

"One qualification of the jury by the court concerning their possible relationships with an insurance carrier should suffice." Nevertheless, the opinion at page 767 notes that "It is unnecessary to decide whether this, standing alone, would require a reversal." Of course, we recognize there may be issues sufficiently broad or other factors may arise and that additional questions from counsel might result in prejudice and therefore be error. That is not the situation in the instant case where one of the jurors responded affirmatively to the additional voir dire questions complained of.

*Haston v. Hightower,* 111 Ga. App. 87 (140 SE2d 525) is controlling of the case sub judice. There our court decided there was no abuse of discretion in permitting the prospective jurors to be questioned as to their insurance affiliations with a specific company insuring defendant and with its local agency. This court concluded there that under the wide latitude of questioning allowed by Code Ann. § 59-705 that "Where, as here, interest of the insurance company is admitted, it cannot be said that counsel's examination extended beyond the permissible limits." Under the facts and circumstances which existed in the case at bar we find no abuse of discretion by the trial court in having permitted these additional voir dire questions.

2. "May the plaintiff inject the issue of insurance into his closing argument to the jury and argue matters not in evidence, or is a mistrial demanded by such actions?" Although appellant uses the quoted question as stating the issue, a reading of the record does not show that counsel committed the blunder thus asserted. Pages 132A, 132B and 132C of the transcript deal with the alleged error. These pages failed to show the actual argument made by plaintiff's counsel. It is pointed out with Watergate phrases in appellee's brief (page 10) that: "A review of the entire argument of counsel pertaining to this issue is essential so that this court can glean the full contextual meaning without any expletives deleted nor unintelligible portions, nor lifted out phrases, nor gaps of silence, to blur the clear implications of that which was stated upon the trial of the case." The trial court here ruled expressly that the argument was not

suggestive of insurance and denied the mistrial motions. "It is well settled that in dealing with motions for mistrial the discretion of the trial court will not be disturbed unless it is abused to the extent that the grant of a mistrial is essential to the preservation of the right to a fair trial. [Cits.] Accordingly, where the record does not make it affirmatively appear that the trial court abused its discretion in refusing to grant the motion for mistrial, this court will not disturb such judgment." *Fievet v. Curl,* 96 Ga. App. 535, 537 (101 SE2d 181).

3. The third question propounded by appellant's brief reads: "Did the trial court err in failing to give defendant's request to charge Number 5 on evenly balanced evidence, it not being covered in the charge?" The wording of the requested charge was as follows: "I charge you, that if you find the evidence is evenly balanced upon any issue in this case, then and in such event it would be your duty to resolve such issue against the party having the burden of proof upon such issue, in this particular case, the plaintiff." The language of this request was taken substantially from *Southern R. Co. v. Smalley,* 116 Ga. App. 356, 358 (3) (157 SE2d 530), but with the addition of the words "in this particular case, the plaintiff." In view of the fact that defendant asserted several affirmative defenses below, the added words rendered the request inapt and incorrect. "The burden of proof generally lies upon the party asserting or affirming a fact and to the existence of whose case or defense the proof of such fact is essential." Code § 38-103. See also, *Stewart v. Mynatt,* 135 Ga. 637 (2) (70 SE 325); *Southern R. Co. v. Jackson,* 65 Ga. App. 316, 318 (1) (16 SE2d 147). And see *Davison Chemical Corp. v. Hart,* 68 Ga. App. 413, 416 (23 SE2d 107). Thus, plaintiff did not have the burden of proof upon each and every issue in this case as the requested charge intimates. "A request must be correct, legal, apt, even perfect, and precisely adjusted to some principle in the case. If any portion of the request is inapt or incorrect, denial of the request is proper." *Slaughter v. Linder,* 122 Ga. App. 144 (2) (b) (176 SE2d 450).

4. "Did the trial court give an erroneous charge on proximate cause to the prejudice of the defendant?" This

assertion contends error in the following instruction on this subject: "Now, the proximate cause of an injury is that which immediately precedes and directly produces the injury and without this the injury would not have happened. The proximate cause of an event is a cause without which the event would not have occurred." We think this charge sufficiently informed the jury of the proximate cause principle. See, e. g., *Eberhart v. Seaboard Air-Line R. Co.,* 34 Ga. App. 49, 54 (129 SE 2), wherein proximate cause is defined as " 'that cause which immediately precedes and directly produces the injury, without which the injury would not have happened. . . The proximate cause of an accident is a cause without which the accident would not have occurred. . .'" Accord *McMahen v. N. C. & St. L. R. Co.,* 68 Ga. App. 397, 402 (23 SE2d 81).

5. "Did the trial court err in charging the jury on the doctrine of sudden emergency?" Defendant below did not authorize an instruction on this principle and relies upon the holding in *Cone v. Davis,* 66 Ga. App. 229 (3) (17 SE2d 849) that where a person is himself the cause of the emergency, he can not take advantage of the principle of sudden emergency. Defendant asserts the evidence shows plaintiff was the cause of the emergency and, therefore, the sudden emergency instruction was erroneously charged. Although some evidence may have intimated plaintiff himself to have been the cause of the emergency, ample evidence was also introduced which demonstrates that plaintiff was suddenly thrust into a perilous situation. The court did not err in submitting this question to the jury. "[I]t is only in plain and indisputable cases that such question is a matter for the court and not the jury. [Cits.]" *Fowler v. Glover,* 105 Ga. App. 216, 219 (123 SE2d 903).

The mere fact that the point of impact occurred eleven feet from the centerline of the highway and that plaintiff may have avoided the collision had he continued on his original course does not demonstrate, as defendant argues, that plaintiff was the cause of the emergency. Although the jury might have reached the conclusion that the point of impact evidence constituted contributory negligence, plaintiff was entitled to have

that circumstance considered in conjunction with the principle that one who is confronted with a sudden emergency is not held to the same standard of care as might otherwise be appropriate. See *Cartey v. Smith,* 105 Ga. App. 809, 811 (125 SE2d 723).

6. "Was the court's charge on loss of future wages incorrect and unauthorized and inapplicable to the evidence?" We answer this in the negative. Plaintiff testified as to his hourly, weekly, and yearly wages before the collision and as to his inability to work since his injury. Furthermore, the plaintiff's expert medical witness testified that plaintiff would have to wear a walking brace on his leg for two or three years; that further surgery may be necessary at the expiration of that period of time; that the plaintiff was limited in his ability to perform various motor activities; and that the plaintiff would have approximately 10 or 15 percent permanent disability. This evidence sufficiently enabled the jury to make a diminished earning capacity award. Compare *Southern R. Co. v. Daniell,* 102 Ga. App. 414, 422 (116 SE2d 529) wherein the court ruled the charge was not adjusted to the evidence since there was no way of ascertaining the plaintiff's earnings prior to his injury and no attempt was made to arrive at a percentage or time limitation factor on plaintiff's disability.

7. "Was the verdict contrary to the evidence and the result of bias and prejudice on the part of the jury?" This final question is answered in the negative. Evidence was introduced that defendant failed to indicate that he intended to turn before crossing the westbound land; that the collision occurred in the westbound lane, plaintiff's principal lane of traffic; and that plaintiff was proceeding within the speed limit. Furthermore, the investigating officer testified that defendant operated his vehicle in a hazardous manner in attempting to turn across the westbound lane; and that defendant should have yielded the right of way. The evidence was sufficient to support the verdict.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

ARGUED JULY 1, 1974 — DECIDED OCTOBER 4, 1974 — REHEARING DENIED NOVEMBER 8, 1974.

*Grubbs & Platt, J. M. Grubbs, Jr., Adele Platt, Barnes & Little, Sam Little,* for appellant.

*Mitchell, Mitchell, Coppedge & Boyett, Warren N. Coppedge, Jr.,* for appellee.