## 51831. WIDENER v. MITCHELL.

WEBB, Judge.

This wrongful death action was brought by the mother of the decedent. The jury found in favor of the defendant Clem Charles Mitchell, and she appeals.

1. The evidence established that the decedent and a friend were riding motorcycles down Gresham Road; that Mitchell was attempting to make a left turn into a Majik Market; that the left front tire of his automobile was either on the center line or three and a half feet over the center line at the time of the collision; that after Mitchell started his turn he saw two motorcycles approaching and stopped; that the motorcyclists could have been racing; that the speed of the motorcycles was 35 to 50 miles per hour and the speed limit was 35 miles per hour; that the first time Mitchell saw the motorcycles they were approximately 200 to 300 feet away; that he was unable to take any action to avoid them because they had come over a rise in the road which obstructed his view; that the decedent ran into the left front side of Mitchell's car but the other motorcyclist avoided it; and that at the time of his death the decedent's blood contained .06 percent ethyl alcohol.

Mrs. Widener's position in the trial court was that her son was traveling within the speed limit and had no opportunity to avoid the collision when Mitchell made a sudden left-hand turn. Apparently the jury concluded that the decedent's negligence exceeded any negligence on the part of Mitchell and rendered verdict accordingly.

The verdict being supported by the evidence, we find no error.

2. Mrs. Widener complains of the trial court's failure to charge a quoted excerpt from *D. G. Machinery &c. Co. v. Hardy,* 118 Ga. App. 45 (2) (162 SE2d 852), which held that the jury could infer negligence on the part of the defendant where the plaintiff was stopped on an expressway ramp awaiting an opening in traffic and was struck from the rear by the defendant.

This enumeration is without merit. In *Hardy* there was no evidence from which the jury could have concluded that the plaintiff was in any way negligent. The language of the submitted charge is not applicable to a case wherein the issue of comparative negligence must be determined, and the trial judge properly refused to so instruct the jury.

3. Under the facts in this case there was likewise no error in refusing to instruct the jury as to third party negligence.

4. Mrs. Widener submitted the following written request to charge: "Ladies and gentlemen, I charge you that Mr. Mitchell *had no clear right* to assume that the road in front of him was clear of traffic, but was under a duty to keep a vigilant look-out ahead." (Emphasis supplied.)

The reporter's transcript, however, shows the charge was given as follows: "I further charge you, ladies and gentlemen, that both parties *had the right* to assume that the road in front of them was clear of traffic, but were under a duty to keep a vigilant look-out ahead." (Emphasis supplied.)

Mrs. Widener contends that although the charge as given was not objected to it was harmful as a matter of law and therefore reversible error under Code Ann. § 70-207 (c).

". . . [T]his provision of the Appellate Practice Act must be construed strictly or it will result in an emasculation of the preceding provisions in subsections (a) and (b). It is the view of this court that the error in that frame of reference is not harmful unless a gross miscarriage of justice attributable to it is about to result. Generally, if counsel, who are skilled and trained in the law and who have prepared and tried the case, fail to see

the error and enter an exception as provided in subsections (a) and (b), it is not to be regarded as harmful. Instances when the charge will be found ground for reversal under subsection (c) are likely to be very, very rare." *Nathan v. Duncan,* 113 Ga. App. 630, 638 (6) (149 SE2d 383). See also *Ga. Power Co. v. Maddox,* 113 Ga. App. 642 (1) (149 SE2d 393); *Holcomb v. Kirby,* 117 Ga. App. 266, 269 (1) (160 SE2d 250) and cits.

No "gross injustice" appearing here and no exceptions having been made as provided by Code Ann. § 70-207 (a) and (b), this enumeration cannot be considered. *Murray v. Richardson,* 134 Ga. App. 676, 678 (7) (215 SE2d 715); *Bruce v. Calhoun First Nat. Bank,* 134 Ga. App. 790, 792 (3) (216 SE2d 622).

5. The trial court did not abuse its discretion in refusing to allow Mrs. Widener's counsel to ask in the course of voir dire if any juror was related to anyone who worked for the Insurance Company of North America. It had previously qualified the jury panel as to the carrier by asking if any member was an officer or stockholder or related to stockholders thereof, and that is all that was required. *Weatherbee v. Hutcheson,* 114 Ga. App. 761 (1) (152 SE2d 715).

"While it is the duty of the court to qualify the jury as to possible relationships to the insurance carrier or carriers involved, there would seem to be no reason for doing it more than once. When the question was first directed to the jury none disqualified. There was no reason to conclude that any juror had deceived the court by failing to disclose his relationship, if any existed. One qualifying of the venire . . . was proper." *Weatherbee v. Hutcheson,* 114 Ga. App. 761, 766 (4), supra. Cf., *Haston v. Hightower,* 111 Ga. App. 87 (140 SE2d 515); *Parsons v. Harrison,* 133 Ga. App. 280 (1) (211 SE2d 128); *Whaley v. Sim Grady Machinery Co.,* 218 Ga. 838 (131 SE2d 181).

*Judgment affirmed. Deen, P. J., and Quillian, J., concur.*

ARGUED FEBRUARY 4, 1976 — DECIDED FEBRUARY 11, 1976 — REHEARING DENIED FEBRUARY 20, 1976 —

*Carr, Wadsworth, Abney & Tabb, Benjamin C. Abney, Pitts Carr,* for appellant.

*Smith, Cohen, Ringel, Kohler & Martin, Williston C. White, Wyche Fowler,* for appellee.