### 63863. GOINS v. GLISSON.

BIRDSONG, Judge.

Appellant Goins sued Ms. Glisson for injuries arising out of a traffic accident, and appeals from an adverse verdict. *Held:*

1. The trial court charged thusly: "I will now charge you regarding the effect of the Georgia Motor Vehicle Accident Reparations Act on this collision. The plaintiff is a person eligible for economic loss benefits under this law. In pertinent part the law provides: 'Any person eligible for economic loss benefits described in the law is precluded from pleading or recovering in an action for damages against the tortfeasor those damages for which compensation is available for economic loss under the act, provided, however, that nothing contained in this section shall preclude the introduction of any evidence otherwise admissible in a judicial proceeding for the purpose of proving the extent of the injury or injuries sustained by such person.' Now, I do not mean by reading this section to you to indicate that the defendant is or is not a tortfeasor; but if you find from the evidence and other charges I have given you

that the plaintiff is entitled to recover, you shall allow no recovery at all in this action for the first $2500 of medical expenses if you find that the plaintiff has incurred such medical expenses. *The plaintiff is entitled to be compensated by her own insurance company for these medical expenses and is not entitled to recover them from the defendant.*" (Emphasis supplied.)

The trial court then immediately charged: "In this particular case since the total medical expense is less than $2,500, I charge you that the plaintiff is not entitled to recover any medical expenses in this action."

On appeal the appellant contends the charge referring to the Georgia Motor Vehicle Accident Reparations Act (Code Ann. § 56-3410b (b)) and appellant's right to collect her own insurance was unnecessary, irrelevant and prejudicial, and was error under *Moore v. Price,* 158 Ga.App. 566 (281 SE2d 269). The appellee rejoins that the charge was necessary to avoid jury misapprehension that the appellee had paid the expenses and thus made an admission of liability, or that the expenses had not been paid and hence the appellant was being deprived of her right to collect. These propositions are without merit, inasmuch as they spring from the premise that juries should always be told about no-fault insurance recoveries so as to clear up any misunderstanding that the mention of no-fault insurance recoveries might bring about.

Appellee further contends this case is distinguished from *Moore,* supra, because unlike Moore in that case, appellant in this case was seeking economic losses and hence it was necessary to advise the jury of the medical expense preclusion in Code Ann. § 56-3410b (b). Appellee further contends the appellant failed to object to the charge below. The appellee's arguments are misconceived. In fact, the plaintiff did not seek medical expenses in her complaint but only stated that she "incurred medical expenses which exceed $500; said expenses are continuing and will continue into the future as the plaintiff's injuries are permanent and she has lost the use of her bodily functions." This statement is an attempt to comply with the requirement of Code Ann. § 56.3402b (j) to prove a "serious injury" which is recoverable as a noneconomic loss under Code Ann. § 56-3410b (a). The plaintiff-appellant thus did not seek to recover economic loss (medical expenses) in her complaint. Furthermore, by motion in limine sustained by specific order of the trial court, the appellee prohibited the appellant from introducing evidence of economic loss except for the limited purpose of establishing pain and suffering (noneconomic loss—serious injury). What is more, the trial court expressly charged the jury that the appellant had no medical expenses over $2,500 and thus was not entitled to recover any medical

expenses of the defendant. Thus, not only did the appellant not seek to recover economic loss (medical expenses); she was expressly prohibited from seeking any and the jury was likewise prohibited from considering any as an item of recovery.

This case falls squarely under the rule in the *Moore* case, supra, where we held that it was irrelevant and unnecessary and hence it was error, and prejudicial, to inform the jury that the plaintiff had recovered economic loss from her own insurance and could not recover from the defendant to that extent, when in fact the plaintiff was not seeking to recover any economic loss from the defendant in the first place.

We adhere to the rule that generally liability or no-fault insurance coverage of a litigant is not admissible in evidence, and that unnecessary disclosure of such fact is ground for mistrial or reversal. *Powell v. Manning,* 242 Ga. 778 (251 SE2d 522); *Moore,* supra; *City Council of Augusta v. Lee,* 153 Ga. App. 94, 99 (3) (264 SE2d 683); *Patillo v. Thompson,* 106 Ga. App. 808, 809 (1) (128 SE2d 656). The fact of insurance should never be admitted, much less charged, except and to the extent that it is germane to the issues in the case and necessary for their resolution. *Moore,* supra, p. 568. In this case, as in *Moore,* the plaintiff's insurance recovery was irrelevant because she was not attempting, and was not permitted, to duplicate this recovery through the defendant. What was relevant and sufficient was simply that the appellant was not entitled to recover medical expenses from the appellee and that her medical expenses should be considered solely for the purpose of establishing whether she had sustained a "serious injury" (non-economic loss) under Code Ann. §§ 56-3410b (a) and 56-3402b (j). The appellant generally objected to the proposed giving of the charge referring to the Reparations Act and appellant's insurance recovery on the grounds that the appellee had been objecting to the bringing in of insurance, and appellant made some reference to case law, but the trial court stated it would give the charge on the Reparations Act.

The trial court erred in referring to the appellant's insurance under the Reparations Act and in advising the jury the appellant was entitled to collect from her own insurance. The error was prejudical and reversible inasmuch as it is impossible to say the jury's verdict was unaffected thereby.

2. The trial court erred in admitting into evidence for perusal of the jury during deliberations, certain pleadings, interrogatories and answers of another civil case in which appellant was the plaintiff ten years before. While some of the material contained therein may have been relevant at trial for purposes of impeachment, it was not at all necessary or fair to impress it upon the jury in the jury room along

with substantial and largely irrelevant portions of these documents from another case. The appellant admitted from the stand the matters which the appellee sought to show in impeachment; this was sufficient. Sending these pleadings from another case to the jury served no necessary purpose but only served to unduly emphasize the fact that appellant had sued another as well as other matters irrelevant to the issues in this case. *Thomason v. Genuine Parts Co.,* 156 Ga. App. 599 (275 SE2d 159); and see *Stidem v. State,* 246 Ga. 637, 639 (272 SE2d 338); *Johnson v. State,* 244 Ga. 295, 297 (260 SE2d 23); *Royals v. State,* 208 Ga. 78, 81-82 (65 SE2d 158); *Shedden v. Stiles,* 121 Ga. 637 (4) (49 SE 719); and *Laster v. State,* 162 Ga. App. 294 (1982). In *Shedden,* supra, it was held that generally interrogatories in the self-same case should not be submitted to the jury, as having "unfair advantage over oral testimony of the other side, by speaking to the jury more than once." By this we judge that the pleadings in another case have even less justification in being before the jury, particularly where the party has confessed whatever matter these pleadings are brought up to show. As the verdict in this case was returned in favor of the party who submitted the pleadings to the jury, the error cannot be called harmless. *Shedden,* supra.

3. The trial court did not err in charging under Code Ann. § 56-3402b (j) that the appellant "cannot recover for noneconomic loss—that is pain and suffering—unless you should first find from the evidence that [she] suffered serious injury as hereinafter defined." Appellant contends the evidence was uncontradicted that appellant incurred more than $500 medical expenses and thus exceeded the serious injury threshold established in Code Ann. § 56-3402b (j); but there was a question in the case whether the disability or medical costs were attributable to pre-existing injuries or infirmities rather than to the accident. *Pinkston v. Hagin,* 157 Ga. App. 2 (276 SE2d 67); *Dabney v. Ammons,* 150 Ga. App. 737 (258 SE2d 551).

4. The trial court did not err in its charge on aggravation of preexisting condition, but gave the charge approved in *Pinkston,* supra, p. 4. The trial court did not err in refusing to give other charges requested by the appellant, as these were either adequately charged elsewhere or were not authorized by the evidence. The general grounds we do not consider as this case is reversed for the reasons given in Divisions 1 and 2 of this opinion.

*Judgment reversed. McMurray, P. J., and Banke, J., concur.*

DECIDED JULY 6, 1982 —
REHEARING DENIED JULY 29, 1982 —

*L. B. Kent,* for appellant.
*Robert C. Martin, Jr.,* for appellee.