## 65420. UNDERWOOD v. BUTLER.

BIRDSONG, Judge.

Grace C. Underwood sued Harold Butler d/b/a Butler Iron & Metal Works for damages for pain and suffering arising out of her vehicle's collision, at night, with a large trailer parked by Butler on the street in a no-parking zone without warning lights or reflectors.

The evidence showed essentially that the trailer for about a year had, in violation of the law, been parked on this street, which was Mrs. Underwood's best route to work (night-shift). Because of the trailer she had begun to take other, longer routes for some time, but these other routes became dangerous and inconvenient, and on the night of the accident, she had taken her old route and simply forgot the trailer was there. She testified that as she approached the trailer, her vision was blinded by the lights of on-coming cars and she ran into the trailer.

The trial court entered judgment on the jury's verdict for the defendant. Mrs. Underwood appeals citing four errors below. *Held:*

1. Appellant Underwood sought only damages for pain and suffering. Her medical expenses and lost wages were paid by no-fault insurance. It was ruled before trial that she could not seek recovery for those damages, and the jury would be precluded from considering them; but see, as to the admissibility of evidence of medical bills and lost wages already paid by insurance, only for determination of pain and suffering, or "serious injury," OCGA § 33-34-9 (b) (Code Ann. § 56-3410b); *Goins v. Glisson,* 163 Ga. App. 290, 291-292 (292 SE2d 917); *Moore v. Price,* 158 Ga. App. 566 (281 SE2d 269).

In his charge to the jury, the trial judge gave a good charge concerning the effect of evidence of medical bills and lost wages, in accordance with what we said in *Goins v. Glisson,* supra, p. 292. In that portion of the charge, the trial judge did not tell the jury appellant had already recovered those items by insurance, which would have been error and prejudicial. *Goins,* supra. But the trial court earlier in its charge had said: "[I]f you find that Plaintiff's pain and suffering will continue into the future you should award damage for such future pain and suffering as you believe Plaintiff will endure. In making such awards. . . . *you would be entitled to take into consideration the fact that the Plaintiff is receiving a present cash award for damages not yet suffered.*" (Emphasis supplied.) Appellant made no objection to this charge.

This statement by the trial court in charging the jury was not prejudicial error. "We adhere to the rule that generally liability or no-fault insurance coverage of a litigant is not admissible in evidence, and that unnecessary disclosure of such fact is ground for mistrial or reversal. *Powell v. Manning,* 242 Ga. 778 (251 SE2d 522); *Moore,* supra; *City Council of Augusta v. Lee,* 153 Ga. App. 94, 99 (3) (264 SE2d 683); *Patillo v. Thompson,* 106 Ga. App. 808, 809 (1) (128 SE2d 656)." *Goins,* supra, p. 292. But the charge at issue here did not indicate the plaintiff had received an insurance recovery for medical bills and lost wages, and could not have so misled the jury. This portion of the charge simply and consistently authorized the jury, if it

should so desire, to consider future loss of wages and medical expenses as those occurrences might affect a present award for future pain and suffering. We find no reversible error in the charge.

2. None of the appellee's repeated remarks expressly or impliedly injecting the fact of appellant's no-fault insurance recovery was properly objected to by appellant; any prejudice or error therein was therefore waived. See *Bell v. Bell,* 210 Ga. 295 (79 SE2d 524).

3. In enumeration of error three, appellant contends the trial court erred in permitting defense counsel, on cross-examination, to elicit the fact that an investigating officer had stated in his police report that in his opinion the cause of the accident was appellant's failure to control her vehicle; while the trial court then later refused to permit appellant on re-direct to question the officer as to why, if he believed appellant had in essence committed a misdemeanor, he did not issue her a criminal citation. Appellant concedes that in general police reports are not admissible where they contain such opinion evidence. See *Ruffin v. Bristol,* 125 Ga. App. 367 (187 SE2d 577). But the police report itself was not admitted, and it is well-settled the defense was entitled to a thorough and sifting cross-examination, OCGA § 24-9-64 (Code Ann. § 38-1705). The officer merely expressed his opinion, after having given his reasons for it (OCGA § 24-9-65 (Code Ann. § 38-1708)), and moreover the appellant did not object to it. *Phillips v. State,* 108 Ga. App. 540 (133 SE2d 708). The fact that the officer did not issue appellant a criminal citation is no more relevant and admissible in the civil trial than it would be if the citation had been issued and appellant found not guilty. The elements of proof in civil and criminal trials are decidedly different. See *Cannon v. Rithmire,* 156 Ga. App. 360, 361-362 (274 SE2d 746). Evidence that the officer did not issue a criminal citation to the appellant is generally irrelevant to the question of negligence in a civil trial. This rule is not changed by the fact that the officer had earlier, without objection by appellant, been permitted to express his opinion as to her negligence.

4. Enumeration 4 is without merit. The appellee did not deny that the truck parked on the street curb was his, although he did claim that since he owned four trailers he could not state the trailer was his. The jury had ample evidence to conclude that the appellee was responsible for the trailer's being parked as it was but nevertheless found the appellee not liable for the appellant's injuries. It could hardly have altered the verdict if the trial court had admitted the certificate of registration showing title to the trailer in the appellee. The refusal to admit it, even if error, was harmless. *Summerfield v. DeCinque,* 143 Ga. App. 351, 352 (238 SE2d 712).

*Judgment affirmed. Shulman, C. J., and McMurray, P. J.,*

530

*concur.*

DECIDED APRIL 7, 1983 —
REHEARING DENIED MAY 5, 1983.

*G. Brian Spears,* for appellant.
*E. Bruce Benton,* for appellee.