A91A0572. PROVOST et al. v. GWINNETT COUNTY et al.
(405 SE2d 754)

CARLEY, Judge.

The facts, insofar as they are relevant to this appeal, are as follows: Appellant-plaintiffs own a five-acre parcel of property which is situated downstream from property that is owned by appellee-defendant Pounds, King, Pounds, Inc. (PKP). After securing approval from appellee-defendant Gwinnett County, PKP began development of its property. Alleging that their five-acre parcel had been damaged as the result of increased water flow, sediment and debris from the construction site, appellants brought suit. The case was tried before a jury and, at the close of appellants' evidence, the trial court granted a motion for a directed verdict in favor of Gwinnett County and the case was submitted to the jury only as against PKP. The jury returned a verdict in favor of PKP and appellants appeal.

1. Relying upon the general grounds, appellants enumerate as error the entry of judgment on the jury's verdict in favor of PKP.

The evidence was in dispute as to whether PKP's development of its upstream property had, in fact, resulted in an increased flow of water, sediment, and debris and the jury was authorized to find that there was no causal connection between PKP's development of its upstream property and the damage to appellants' downstream property. Accordingly, the general grounds are without merit.

2. The trial court's failure to sustain a relevancy objection to a question asked of one of appellants on cross-examination is enumerated as error.

The question related to a contiguous three-acre parcel of property which appellants also owned and which, according to the testimony of one of PKP's witnesses, drained onto appellants' five-acre parcel. Obviously, the source of any drainage onto appellants' five-acre parcel was a relevant topic of inquiry and the trial court did not err in overruling the objection. "Every party has the right to a 'thorough and sifting' cross examination, the scope of which rests largely within the discretion of the trial judge. [Cits.]" *Howington v. Puckett,* 130 Ga. App. 584, 585 (2) (203 SE2d 916) (1974).

3. An enumeration of error relating to PKP's closing argument was not preserved for appellate review. "[N]o objection or motion for mistrial was made following counsel's argument. 'Failure to object amounts to a waiver of the [alleged] misconduct.' [Cits.]" *Macon Chrysler-Plymouth v. Sentell,* 179 Ga. App. 754, 756 (4) (347 SE2d 639) (1986).

4. In several enumerations, appellants urge that the trial court made comments which were violative of OCGA § 9-10-7. Again, however, a failure to object results in nothing being presented for appellate review. "The question of whether [OCGA § 9-10-7] has been violated is not reached unless an objection or motion for mistrial is made." *State v. Griffin,* 240 Ga. 470 (241 SE2d 230) (1978).

5. The grant of a directed verdict in favor of Gwinnett County is enumerated as error.

"The failure of a county adequately to maintain a culvert, resulting in property damage from flooding, can constitute a nuisance. [Cit.]" *Fulton County v. Wheaton,* 252 Ga. 49, 50 (1) (310 SE2d 910) (1984). In the instant case, however, there was no evidence that appellants' property had been damaged as the result of Gwinnett County's failure to maintain a culvert. Construing the evidence most favorably for appellants, the most that the evidence showed is that, as the result of PKP's upstream development which had been approved by Gwinnett County, there was an increase in water, sediment and debris *flowing freely* through a culvert onto their property. Compare *Fulton County v. Wheaton,* supra; *City of Lawrenceville v. Heard*

194 Ga. App. 580, 582 (1) (391 SE2d 441) (1990). "[L]iability of a [county] cannot arise *solely* from its approval of construction projects which increase surface water runoff. Rather, it is the county's *failure* to maintain properly the culvert, resulting in a nuisance, which creates its liability. [Cit.]" (Emphasis in original.) *Fulton County v. Wheaton,* supra at 50 (1). Since the evidence showed only that Gwinnett County had approved PKP's upstream project and did not show a taking or damaging of appellants' property as the result of Gwinnett County's maintenance of its downstream culvert, the trial court correctly granted a directed verdict in favor of Gwinnett County. *"[C]ombined with failure to maintain drainage structures,* the approval of upstream development which results in a nuisance arising from increased surface water runoff can give rise to [county] liability. [Cits.]" (Emphasis supplied.) *City of Lawrenceville v. Heard,* supra at 582 (1).

Moreover, as noted in Division 1, the verdict in the instant case represents an authorized finding by the jury that the conditions on appellants' property had *not* been caused by PKP's upstream development. Since Gwinnett County's liability was premised entirely upon an alleged increase in water flow, sediment and debris attributable to PKP's upstream project, the most that can be said for the grant of Gwinnett County's motion for a directed verdict is that it precluded the jury from returning an inconsistent verdict in favor of PKP but against Gwinnett County. Accordingly, even if the grant of Gwinnett County's motion for a directed verdict had been error, appellants were not harmed. Under the pleadings and evidence, any verdict that had been returned in favor of PKP, but against Gwinnett County would have been inconsistent and unauthorized.

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED MAY 15, 1991.

Alton Provost, *pro se.*
Evelyn Provost, *pro se.*
*Drew, Eckl & Farnham, Theodore Freeman, Nena K. Puckett,* for appellees.