## S94G0143. GARNER v. VICTORY EXPRESS, INC.
(442 SE2d 455)

CARLEY, Justice.

In this tort action arising from a vehicular collision, the jury returned a verdict in favor of appellee-defendant. On appeal, the sole enumeration of error related to the overruling of appellant-plaintiff's objection to a portion of the closing argument of appellee's counsel. However, appellant's enumeration of error was not addressed on the merits. Citing *Seaboard C.L.R. Co. v. Wallace,* 227 Ga. 363 (180 SE2d 743) (1971), the Court of Appeals held that appellant had "failed to invoke a reviewable ruling by the trial court on this issue by not specifying what action he wanted the trial court to take at the time of the objection." *Garner v. Victory Express,* 210 Ga. App. 481, 482 (436 SE2d 521) (1993). Appellant's application for a writ of certiorari was granted in order to determine "whether the objection made at trial was sufficient to preserve the matter for appellate review."

1. Relying entirely upon OCGA § 9-11-46 (a), this court in *Seaboard C.L.R. Co. v. Wallace,* supra at 365 (4), held that, when objecting to closing argument by opposing counsel in a civil case, it is

> incumbent on the objecting counsel to make known to the court "the action which he desires the court to take." In this type case, the available actions by the court are the granting of the following forms of relief: (1) an instruction or admonition to the jury to disregard the improper argument; or, if this is deemed inadequate to remove the harmful effect, (2) instruction or admonition of the jury plus a reprimand or rebuke of offending counsel; or, as a last resort, (3) mistrial.

Compare *Hall v. State,* 180 Ga. App. 881, 882 (3) (350 SE2d 801) (1986) (holding that, by virtue of its sole reliance upon OCGA § 9-11-46 (a), *Seaboard C.L.R. Co.* did not apply in criminal cases).

In the instant case, appellant merely objected to the closing argument of appellee's counsel, on the ground that an improper reference had been made to the inadmissible and unadmitted driving record of appellee's allegedly negligent employee. There was no additional request by appellant for any of the three "available actions" enumerated in *Seaboard C.L.R. Co.* Accordingly, under the holding therein, there was nothing presented for appellate review.

Although counsel made known his objection to the argument

and the grounds therefor *prior* to the court's ruling thereon, he failed to specify what form of relief he desired in seeking the ruling, hence [he] failed to invoke a reviewable ruling.

(Emphasis in original.) *Seaboard C.L.R. Co. v. Wallace*, supra at 365 (4).

Although the Court of Appeals was bound by *Seaboard C.L.R. Co.*, this court is free to consider the continuing viability of the holding therein. Accordingly, we now undertake to do so.

2. It is clear that, prior to enactment of OCGA § 9-11-46 (a), there were four, rather than three, recognized "available actions" which the trial court could be requested to take with regard to allegedly improper closing argument in either a civil or a criminal case. In addition to the three "available actions" enumerated in *Seaboard C.L.R. Co.*, counsel was also authorized merely to object on stated grounds and thereby implicitly request that the trial court acknowledge the impropriety of the closing argument by sustaining the objection thereto.

When improper argument is made by counsel, counsel for the opposite party, in order to make the action of the judge in reference to the same the basis for a review, *may object to the argument, and rest simply on the objection*; and if the court fails to take any notice of the objection and allows the argument to proceed, this conduct may be reviewed; or he may, *in addition to his objection*, move for appropriate instructions to the jury, or for a reprimand or rebuke of counsel, in order that the jury may be impressed with the grave nature of the impropriety which has taken place; or, if the impropriety is of a very grave character, he may move for a mistrial, and upon the refusal of the court to do that which ought to have been done on the motion made, *whatever its nature may be*, the conduct of the judge will then be a subject for review by [the appellate] court. [Cits.]

(Emphasis supplied.) *Southern R. Co. v. Brown*, 126 Ga. 1, 6 (4) (54 SE 911) (1906). See also *Brooks v. State*, 183 Ga. 466, 470 (188 SE 711) (1936).

When improper argument to the jury is made by an attorney for one of the parties, it is necessary, in order to make the same a basis for review, that opposing counsel should make objection to such argument *or* invoke some ruling or instruction with reference thereto by the court. [Cits.]

(Emphasis supplied.) *Ehrlich v. Mills*, 203 Ga. 600, 601 (4) (48 SE2d

107) (1948). See also *Joyner v. State*, 208 Ga. 435 (2) (67 SE2d 221) (1951).

Nothing in OCGA § 9-11-46 (a) supports the conclusion that, contrary to this prior authority, a mere objection on stated grounds should no longer be considered a viable request for "available action" in civil cases. That provision of the Civil Practice Act (CPA) merely provides, in relevant part, that "it is sufficient that a party, at the time the ruling or order of the court is . . . sought, makes known to the court the action which he desires the court to take. . . ." Contrary to the holding in *Seaboard C.L.R. Co.*, an objection on stated grounds, without more, clearly serves to make known counsel's desire that the trial court take the lesser of the four "available actions" by acknowledging the impropriety of the closing argument through its sustaining of the objection thereto. If the trial court does sustain that objection, counsel may not then urge on appeal that the trial court erred in failing to undertake any additional greater "available action" which was not requested. "In no case will the trial judge's ruling be reversed for not going further than requested." *Brooks v. State*, supra at 469. If, however, the trial court does overrule the objection, counsel may then assert on appeal that the argument was improper for the reasons advanced at trial and that the trial court erred in failing "promptly to require [opposing counsel] to desist from such argument, this being in effect what counsel . . . had asked." *Brooks v. State*, 55 Ga. App. 227, 232 (189 SE 852) (1937).

It follows that *Seaboard C.L.R. Co.* erroneously relied upon OCGA § 9-11-46 (a) as authority for the proposition that, in a civil case, an objection to closing argument on stated grounds is not sufficient to invoke a ruling by the trial court which is reviewable on appeal. That provision of the CPA does not in any way establish a requirement for the preservation of error in closing argument in a civil case which differs from the applicable requirement for the preservation of error in closing argument in a criminal case. Accordingly, *Seaboard C.L.R. Co.* is hereby overruled and *Hall v. State*, supra, which sets forth the applicable requirements for the preservation of error in closing argument in a criminal case, is henceforth to be followed and applied in addressing an enumeration of error which relates to allegedly improper closing argument in a civil case.

3. The Court of Appeals was bound to follow *Seaboard C.L.R. Co.* as controlling authority for the proposition that appellant's objection, on stated grounds, to the closing argument of appellee's counsel had not preserved an issue for appellate review. By virtue of our holding in Division 2, however, that decision is no longer viable authority for that proposition. Accordingly, the judgment of the Court of Appeals is reversed and the case is remanded for that court to consider whether the ground of appellant's objection was meritorious and, if

so, whether the erroneous failure to have sustained appellant's objection on that ground was harmful.

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED MAY 9, 1994.

*William J. Mason,* for appellant.
*Self, Mullins, Robinson & Marchetti, Ronald W. Self, M. Peterson Robinson,* for appellee.