A94A0593. GONZALEZ v. WELLS.
(445 SE2d 332)

JOHNSON, Judge.

This appeal raises the issue of the extent to which a plaintiff may inject the subject of insurance into his or her voir dire of the jury. Judgment was entered on a jury verdict in favor of Terrence Wells and against Miguel Gonzalez for $1,460 compensatory and $25,000 punitive damages in this personal injury action arising from an automobile accident. During a pre-trial conference, citing the prejudicial effect of mentioning "insurance" to the jury, Gonzalez moved in limine to prevent the qualifying of the jury as to his or any other insurance carrier. After hearing argument from counsel representing both parties on the motion, the trial court ruled that, other than the court qualifying the panel as to the insurance company and, if necessary, asking a follow-up question or two if any jurors stated on their forms that they worked for Gonzalez' insurance carrier, there would be no inquiries into insurance. During voir dire, the judge asked: "Are any of you either stockholders, officers, directors, agents or employees of the Safeway Insurance Company?" Apparently no one responded, since the subsequent questions were on a different topic. Sometime later, Wells' counsel asked: "Do any of you own or operate a vehicle?"

All jurors raised their hands. Wells' counsel then asked: "Is that vehicle insured?" All jurors again raised their hands. Wells' counsel further inquired: "And we already asked as a group, no one is insured by Safeway; is that correct?" At that point, Gonzalez' counsel objected and moved for a mistrial. In response, the court stated to Wells' counsel (at a bench conference): "You are not allowed to ask any questions about insurance unless one of the persons indicates here they work for an insurance company." The court then remarked to the jury: "Ladies and gentlemen, you are to disregard that last question and put it completely out of your mind."

1. Gonzalez contends that the trial court erred in qualifying the jury to his insurance carrier. We disagree. Generally, liability or no-fault insurance coverage of a litigant is not admissible in evidence, and unnecessary disclosure of such fact is ground for mistrial or reversal. *Goins v. Glisson*, 163 Ga. App. 290, 292 (1) (292 SE2d 917) (1982). On the other hand, it is well-settled that it is proper for the trial court to qualify prospective jurors with regard to relationships they may have with any insurance carrier having a financial interest in the outcome of the case. *Franklin v. Tackett*, 209 Ga. App. 448, 450 (2) (433 SE2d 710) (1993); *Crosby v. Spencer*, 207 Ga. App. 487, 490 (6) (428 SE2d 607) (1993). We find that the question asked by the court was proper given the holdings of this court.

2. Gonzalez also argues that the trial court erred in not granting his motion for mistrial when Wells' counsel violated the court's order regarding additional questions on the subject of insurance. We agree. The trial court clearly stated that no other insurance inquiries would be permitted. Notwithstanding that ruling, Wells' counsel proceeded to ask the jurors if they had automobile insurance and also whether they were insured by Safeway (Gonzalez' insurance carrier). In continuing to make inquiries on the subject of insurance, Wells' counsel clearly violated the court's order on Gonzalez' motion in limine. This is significant not only because counsel violated a court order, but also because by asking more questions, including questions specifically regarding automobile insurance, counsel increased the danger of prejudicially impressing upon the jurors the fact that the defendant had liability insurance. See *Corley v. Harris*, 171 Ga. App. 688 (1) (320 SE2d 833) (1984). Compare *Parsons v. Harrison*, 133 Ga. App. 280 (211 SE2d 128) (1974) (no prejudicial error where counsel asked two questions directly related to the questions propounded by the court and where the trial court had made no prior ruling prohibiting insurance questions). "We have repeatedly adhered to the rule that evidence of insurance coverage is so prejudicial by nature that it should not be admitted unless it is clearly relevant. . . . The prejudice lies in the infectious nature of collateral source evidence, contaminating as it does the issue of loss with the issues of injury and liability. Such evi-

dence is prejudicial because by its nature its effect is not self-limiting, but it laps over into other considerations." (Emphasis deleted; citations and punctuation omitted.) *McKin v. Gilbert*, 208 Ga. App. 788, 790 (1) (432 SE2d 233) (1993). "We cannot say that [counsel's] deliberate violation of the trial court's order did not influence the jury's verdict." (Citations omitted.) *Scott v. Chapman*, 203 Ga. App. 58, 59 (1) (416 SE2d 111) (1992). Furthermore, "[the court] had previously qualified the jury panel as to the carrier by asking if any member was an officer or stockholder or related to stockholders thereof, and that is all that was required. 'While it is the duty of the court to qualify the jury as to possible relationships to the insurance carrier or carriers involved, there would seem to be no reason for doing it more than once.'" (Citations omitted.) *Widener v. Mitchell*, 137 Ga. App. 730, 732 (5) (224 SE2d 868) (1976). We note that "the general rule against admitting evidence of insurance or unnecessarily referring to it in a charge has not relaxed but has strengthened." *Collins v. Davis*, 186 Ga. App. 192, 195 (1) (366 SE2d 769) (1988). Accordingly, a new trial must be granted.

*Judgment reversed and case remanded. Beasley, P. J., and Andrews, J., concur specially.*

BEASLEY, Presiding Judge, concurring specially.

I concur fully in Division 2 and in the judgment. With respect to Division 1, I hold to the special concurrence in *Franklin v. Tackett*, 209 Ga. App. 448, 450 (433 SE2d 710) (1993).

I agree with the statement made by Presiding Judge, thereafter Justice, Hall in his concurring opinion in *Young v. Carter*, 121 Ga. App. 191, 193 (173 SE2d 259) (1970), that "[t]he effect of the rule prohibiting reference to liability insurance is . . . nullified by having the trial judge qualify the jury as to the defendant's liability insurer." *Evidence* of insurance is prejudicial because, at the least, it contaminates "the issue of loss with the issues of injury and liability." *Collins v. Davis*, 186 Ga. App. 192 (366 SE2d 769) (1988). See also 2 Wigmore, Evidence, § 282a (3) (Chadbourn rev. 1979), which is quoted in *Denton v. Con-Way Southern Express*, 261 Ga. 41, 42 (402 SE2d 269) (1991). As stated in *Denton*, "[s]uch evidence is highly prejudicial and it can influence the entire case, no matter which side attempts to introduce it."

By qualifying the jury with respect to a specific insurance carrier, it gains knowledge that the carrier is connected to the case, even though during the course of the trial no evidence of that fact is offered. And because the subject is introduced during the process of determining the prospective jurors' impartiality, they acquire knowledge that their connection to the carrier is important to that question. But it is only made so by the asking of the question in the first place.

I am authorized to state that Judge Andrews joins in this special concurrence.

DECIDED JUNE 8, 1994.

*Crim & Bassler, Nickolai Makarenko, Jr.*, for appellant.
*Jonap & Associates, Arthur C. Nilsen*, for appellee.