## A94A1220. JAMES v. TYLER.
(451 SE2d 506)

RUFFIN, Judge.

Agnes James brought suit against Shannon L. Tyler for damages sustained in a rear-end automobile collision. The jury returned a verdict in favor of Tyler, and James's motion for a new trial was denied. James appeals.

---

At the time of the accident, James and another individual were passengers in a car driven by Geraldine Bush. As Bush was approaching an intersection, Tyler's car struck Bush's car in the rear. It was raining at the time of the accident, and the investigating officer reported the wet street was a contributing factor to the collision. The officer reported no damage to either vehicle, and no complaints of injury by James or 'the other passengers.

James and the other individuals in Bush's car testified Bush had her turn signal on and was still moving at the time of the collision. Tyler and the passenger in her car testified they did not see a turn signal, and the accident occurred after Bush's car stopped suddenly while approaching the intersection.

Later that afternoon, James went to the emergency room. The doctor who examined James testified he found only that she had some tenderness on her right side, prescribed medication and put her on one day's rest. Approximately three weeks later, James was examined by a chiropractor. The chiropractor testified he found neck and back injuries that resulted from the accident and treated James for those injuries for approximately the next three months.

1. In her first enumeration of error, James contends the verdict was contrary to the evidence and law. We disagree. Although there was conflicting testimony concerning the use of a turn signal and whether Bush stopped suddenly, "an appellate court does not weigh the evidence, but determines sufficiency. [Cit.]" *Locke v. Vonalt*, 189 Ga. App. 783, 785 (1) (377 SE2d 696) (1989). " 'In rear-end collision cases the liability, degree of liability, or lack of liability on the part of any involved driver depends upon a factual resolution of the issues of diligence, negligence and proximate cause. The history of the decisions of the Court of Appeals in this type of case since 1965 convinces us that these issues should be resolved . . . by the jury and not by trial and appellate judges.' [Cit.]" *Taylor v. McClendon*, 205 Ga. App. 390, 391 (2) (422 SE2d 440) (1992). Moreover, "[o]n appeal an appellate court is bound to construe the evidence in support of the verdict and judgment, and if there is some evidence to support the verdict we will uphold the judgment. [Cit.]" *Locke*, 189 Ga. App. at 785. Since there is sufficient evidence to support the verdict, we find no error.

2. In her second enumeration of error, James contends the trial court erred in commenting on evidence and restricting her cross-examination of Tyler regarding statements made to the police officer at the scene of the accident regarding her speed at the time of the collision. The record reflects that during the cross-examination, the trial judge instructed James's attorney to move on after a series of repetitious questions. James did not object to the trial court's instruction or move for mistrial based on these contentions. "[F]ailure to object in the trial court leaves nothing for this court to review on appeal.

[Cit.]" *Stacey v. Caldwell*, 186 Ga. App. 293, 297 (4) (367 SE2d 73) (1988); accord *Provost v. Gwinnett County*, 199 Ga. App. 713 (4) (405 SE2d 754) (1991).

3. In her third enumeration of error, James contends the trial court erred in allowing Tyler's attorney to read portions of Bush's deposition to the jury. During Tyler's cross-examination of Bush, Bush testified it was sprinkling rain at the time of the accident. Tyler's attorney called to Bush's attention that she testified during her deposition it was raining heavily at the time. Before Tyler rested her case, the trial judge gave her attorney permission to read into evidence that portion of Bush's deposition in which she stated it was raining heavily. James alleges it was harmful error to allow Tyler to use this deposition to "take the edge off the cross-examination of the defendant's witness."

OCGA § 9-11-32 (a) (1) provides "[a]ny deposition may be used by any party for the purpose of contradicting or impeaching the testimony of the deponent as a witness." Further, OCGA § 9-11-32 (a) (4) provides "[t]he deposition of a witness, whether or not a party, taken upon oral examination, may be used in the discretion of the trial judge, even though the witness is available to testify in person at the trial." " 'A decision by the trial court to admit into evidence a deposition taken upon oral examination where the witness is available shall be reversed only when the party objecting to the admission of the deposition shows that the trial court abused its discretion.' [Cit.] Appellant here has failed to make a showing of such abuse." *Sheats v. Tri-Cities Hosp. Auth.*, 167 Ga. App. 122, 123 (306 SE2d 75) (1983).

4. James asserts the court erred in refusing to give her requested charge on negligence per se. " 'It is axiomatic that a jury charge need not be given in the exact language requested if the charge as given clearly covers the circumstances of the case. All that is necessary, provided the requested charge accurately states the relevant principles of law, is that these principles be fairly given to the jury in the general charge. When it can be determined that the charge actually given conveys correctly the intent of the law and is so framed as to be applied with understanding to the fact situation, denial of a request for a specific charge is not reversible error.' . . . . [Cit.]" *City of Dalton v. Smith*, 210 Ga. App. 858, 859 (3) (437 SE2d 827) (1993). In this case the court did not err in refusing to give James's requested charge because the charge actually given regarding negligence per se sufficiently stated the relevant principles of law. Id. at 859-860.

5. James also asserts the court erred in failing to give charges on the rules of the road and the failure to keep a proper lookout. At the conclusion of the charge conference, James restated the general contents of the two charges and asserted, "[w]e ask that that should have been given, and we think it's proper. . . . We think that the charge

was an accurate statement of the law and that it applies in this case."

OCGA § 5-5-24 (a) provides that "[e]xcept as otherwise provided in this Code section, in all civil cases, no party may complain of the giving or the failure to give an instruction to the jury unless he objects thereto before the jury returns its verdict, stating distinctly the matter to which he objects and the grounds of his objection. . . . Objection need not be made with the particularity formerly required of assignments of error and need only be as reasonably definite as the circumstances will permit." In *Kittles v. Kittles*, 187 Ga. App. 537 (370 SE2d 803) (1988), objections almost identical to the ones in the instant case were reviewed by this court under OCGA § 5-5-24 (a). There it was held the objections failed to meet the requirements of the statute. See id. at 539. We reach the same conclusion here.

"The mere exception to a failure to give a numbered request to charge fails to meet the requirement of OCGA § 5-5-24 (a). To be reviewable the objection must be unmistakable in its purport in directing the attention of the trial court to the claimed error and must point out distinctly the portion of the charge challenged. The grounds of error urged must be stated with sufficient particularity to leave no doubt as to . . . what the specific ground of challenge is . . . and the correction needed to cure the error." (Citations and punctuation omitted.) Id. at 539-540.

James's assertions at trial that the requested charges were accurate, applicable and proper are far too vague to allow review in this case. Accordingly, we find no error.

6. Finally, James asserts as error the court's failure to charge that the negligence of the host driver of the plaintiff was not imputable to the plaintiff. However, such a charge was never requested, much less objected to. "Unless the failure to give a charge is harmful as a matter of law to the extent that a gross miscarriage of justice is about to result, the absence of a written request is a waiver of the right to complain on appeal. [Cit.] We find no likelihood in the present case of a miscarriage of justice, and no merit in [James's] enumeration of error on that issue." *Gaines v. Crompton & Knowles Corp.*, 190 Ga. App. 863, 868 (12) (380 SE2d 498) (1989).

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED DECEMBER 5, 1994.

*L. B. Kent*, for appellant.
*Self, Mullins, Robinson & Marchetti, Richard A. Marchetti*, for appellee.