A95A0489. STRICKLAND v. STUBBS.
(459 SE2d 473)

RUFFIN, Judge.

Larry Strickland's pickup truck collided in an intersection with a car in which Katrina Stubbs was a passenger. Stubbs sued Strickland for her injuries, and at trial both parties presented evidence showing that the accident occurred as a result of the other party running a red light. The jury returned a verdict in favor of Stubbs. The trial court entered a judgment on the verdict and denied Strickland's motion for a new trial. On appeal, Strickland asserts as error the court's failure to grant his motion in limine, the court's failure to take proper action upon sustaining two of his objections, and the court's limiting of his examination of the investigating police officer. Because we believe the court did not err as asserted, we affirm.

1. Strickland filed a motion in limine requesting that during voir dire, the court not qualify any of the prospective jurors as to their relationship with either party's insurance company. Although Strickland acknowledges that existing precedent required the court to deny his motion, he contends on appeal that such precedent should be overruled. While we accept as true many of the arguments raised by

Strickland in his brief and the concerns raised by Judge Beasley, now Chief Judge, in her concurring opinion in *Franklin v. Tackett*, 209 Ga. App. 448 (433 SE2d 710) (1993), we are bound by the well-settled precedent that "it is proper for the trial court to qualify prospective jurors with regard to relationships they may have with any insurance carrier having a financial interest in the outcome of the case. [Cits.]" *Gonzalez v. Wells*, 213 Ga. App. 494, 495 (1) (445 SE2d 332) (1994).

2. Strickland asserts that the trial court erred when it failed to advise the jury of a ruling it made at an unrecorded bench conference during closing arguments. The record shows that during closing arguments Stubbs' attorney began to make the following statement: "If they can hire somebody at $100 an hour and pay them thousands and thousands of dollars." In midsentence, Strickland's attorney requested a bench conference. After the unrecorded conference, Stubbs' attorney continued with his closing argument without comment by the court or objection by Strickland. Later in the proceedings, after the jury retired for deliberations, the trial judge raised the matter of Strickland's objection on the record.

Although the wording of the objection is unclear, Strickland stated that he thought Stubbs' argument "was drifting, and [that] it was appropriate to go forth and ask for some restrictions on commenting on financial ability. . . ." The trial judge agreed, finding "that the argument was headed in an inappropriate direction," and accordingly limited Stubbs' argument without cautioning him in front of the jury. There is nothing in the record indicating that Strickland was dissatisfied with the judge's curative action and " '[i]n no case will the trial judge's ruling be reversed for not going further than requested.' [Cit.]" *Garner v. Victory Express*, 264 Ga. 171, 173 (2) (442 SE2d 455) (1994). Accordingly, we find no error.

3. At another point during Stubbs' closing argument, Strickland objected to Stubbs' attorney mentioning the facts of a case that was not in evidence. Strickland asserts that the trial court erred by not specifically sustaining the objection and by failing to take further curative action. The record shows that after Strickland made the objection, the trial judge stated to Stubbs' attorney, "I think that you're getting too far afield when you're talking about a specific case. I think your argument needs to be more general in nature than that." Stubbs' attorney then stated "[a]ll right. I'll be glad to do that, your honor[,]" and continued with his closing argument without further objection by Strickland. At no time during the colloquy between the court and counsel did Strickland's attorney request that the court take any curative action.

We note initially that because the trial judge agreed with Strickland that Stubbs' argument was improper, it would be exalting form over substance for us to conclude that the trial court did not sustain

Strickland's objection. Furthermore, since Strickland did not request any further curative action, the trial court was not required to take any. This issue is also controlled by *Garner*, supra. In *Garner*, the Court stated that "[i]f the trial court does sustain [the] objection, counsel may not then urge on appeal that the trial court erred in failing to undertake any additional greater 'available action' which was not requested." Id. And, as we held in Division 2, " '[i]n no case will the trial judge's ruling be reversed for not going further than requested.' [Cit.]" Id. Accordingly, we find not error, but the effigy of error.

4. Strickland contends the trial court erred in prohibiting him from eliciting testimony from the investigating officer that the driver of Stubbs' vehicle was issued a traffic citation. Strickland concedes that such testimony is usually not admissible but argues Stubbs opened the door by asking the officer similar questions during cross-examination. Because we disagree that Stubbs opened the door for such testimony, we find no error. In a case like this, a party may ask the investigating officer what he observed at the scene of the accident and what he talked to witnesses about, but he may not inquire as to the officer's ultimate opinion concerning fault, whether a citation was issued or there has been final disposition of the citation. *Emory v. Dobson*, 206 Ga. App. 482 (426 SE2d 50) (1992).

The record shows that while cross-examining the officer, Stubbs questioned him concerning statements made by a witness as to who ran the red light. At no time during cross-examination did the officer state his opinion as to which vehicle ran the red light, who caused the accident or who was issued a traffic citation. Accordingly, Strickland has not shown that Stubbs' examination went beyond the restrictions expressed in *Emory*. Moreover, at no time did Strickland object to any of the questions Stubbs' attorney posed to the officer concerning this matter. Under these circumstances, we conclude the trial court did not err in prohibiting Strickland from eliciting testimony concerning the traffic citation. See *Emory*; *Underwood v. Butler*, 166 Ga. App. 527 (3) (304 SE2d 729) (1983).

5. Finally, Strickland contends the trial court erred in not granting his motion for new trial because the evidence did not support the verdict. Although the evidence was conflicting, viewed in a light to support the verdict, we find there was sufficient evidence and find no error. *James v. Tyler*, 215 Ga. App. 479 (1) (451 SE2d 506) (1994).

*Judgment affirmed. Pope, P. J., concurs. Beasley, C. J., concurs specially.*

BEASLEY, Chief Judge, concurring specially.

I concur, but it is time to reexamine the precedent that it is proper to qualify jurors with respect to relationships they may have

with interested insurance carriers. We are not "bound" by our own precedent when it appears that it should be changed, and I find no Supreme Court ruling on this issue that would control. Ga. Const., Art. VI, Sec. V, Par. III.

For the reasons advanced in the concurring opinions in *Franklin v. Tackett*, 209 Ga. App. 448, 450 (433 SE2d 710) (1993), and *Gonzalez v. Wells*, 213 Ga. App. 494 (445 SE2d 332) (1994), the practice engaged in this case should no longer be followed. It is not universal. See *Hope Windows, Inc. v. Snyder*, 158 SE2d 722, 723-724 (Va. 1968); *Metcalf v. Consolidated Badger Cooperative*, 137 NW2d 457, 464 (14) (Wis. 1966); *Redman v. McDaniel*, 333 P2d 500, 502 (1-2) (Okla. 1958). See also *Wheeler v. Rudek*, 74 NE2d 601 (4 ALR2d 748) (Ill. 1947).

Here the question was asked of all jurors: "Is any member of the panel an officer, employee or stockholder or related by blood or marriage to any officer, employer, or stockholder of Allstate Insurance Company?" What inference would a juror draw from such a question?

*Asking* the question tells the prospective jurors that insurance is involved. It is an easy deduction that the insurance company inquired about is defendant's, and to take the further step that it meant defendant's insurance company and not defendant personally who would pay the judgment. In today's world of mandatory automobile insurance and deep pocket mentality, jurors may be biased against defendant by the asking of such a question. The law must maintain an even playing field if cases are to be tried fairly.

Another aspect of the issue is that mention of insurance in such a way that jurors could conclude that defendant has insurance does not tell them there is a limit. Defendant's insurance in fact may not cover the whole amount plaintiff seeks, or the whole amount the jury awards while thinking it is covered. This would increase the prejudice to defendant.

As said by the Supreme Court in *Denton v. Con-Way Southern Express*, 261 Ga. 41, 42 (402 SE2d 269) (1991), disapproved on other grounds, *Grissom v. Gleason*, 262 Ga. 374 (418 SE2d 27) (1992), "neither the wealth of the plaintiff nor the defendant is relevant. . . . Because of its irrelevance and prejudicial value, . . . a litigant's insurance policy is not only inadmissible, it can be the ground for a mistrial. [Cit.] Such evidence is highly prejudicial and it can influence the entire case, no matter which side attempts to introduce it." Whether the jury is informed by evidence or by a question during voir dire, the result is the same.

DECIDED JULY 14, 1995 —
RECONSIDERATION DENIED JULY 31, 1995 — 

*Cannon, Meyer Von Bremen & Meier, Michael S. Meyer Von Bremen*, for appellant.
*B. T. Edmonds, Jr.*, for appellee.