## 41630. BELL v. THOMAS.

JORDAN, Judge. This was an action and cross action in which the parties sought to recover damages from each other arising out of an intersection collision of their automobiles. The jury returned a verdict for the plaintiff in the amount of $1,500, and the defendant, after the entry of judgment and denial of his motion for new trial, appealed to this court, enumerating as error various instructions of the court to the jury relating to the issue of damages for pain and suffering. *Held:*

1. The plaintiff in paragraph 18 of his amended petition alleged "that as a result of said collision, plaintiff was sore and stiff for at least six weeks and he seeks damages for his pain and suffering." The defendant contends that this allegation of the petition restricted the plaintiff's right to recover damages for pain and suffering to that endured for a period of six weeks following the collision; therefore, it is urged that the trial court erred in instructing the jury that the plaintiff was seeking damages for pain and suffering in the past and down to the date of the trial. This contention is without merit. The plaintiff on the trial of this case testified without objection that a knee injured in the collision "still hurts, still bothers me," and this evidence of present pain and suffering was sufficient to authorize the charge of the court. If the defendant's construction of the plaintiff's petition is correct, then he should have objected to this testimony on the ground that it was unauthorized by the pleadings; in which event, however, the plaintiff would have had the right to amend to conform his petition to the proof offered and thus clearly render it relevant. Under these circumstances, "the party having the right to object is held to have waived his objections to the pleadings by allowing such evidence to go to

the jury without objection." *Harvey v. DeWeill,* 102 Ga. App. 394 (2b) (116 SE2d 747).

2. The remaining assignments of error are predicated upon the ground that the trial court in its instructions to the jury with reference to the issue of ascertaining damages for future pain and suffering, erroneously applied these instructions to both the plaintiff and defendant when only the defendant was seeking such damages. At the conclusion of the court's charge to the jury the following instruction was given: "Now, ladies and gentlemen of the jury, plaintiff's counsel called to the court's attention the fact that the plaintiff, in his petition does not seek future damages for future pain and suffering but only seeks damages for pain and suffering in the past and down to this date, and therefore, so far as the plaintiff is concerned, you will be limited to those instructions."

These assignments of error are without merit since the court specifically instructed the jury that the plaintiff was not seeking damages for future pain and suffering but was only seeking damages for pain and suffering in the past down to the date of the trial and that the jury would be limited to those instructions insofar as the plaintiff was concerned. In our opinion, this instruction clearly and specifically eliminated from the jury's consideration any element of future pain and suffering as far as plaintiff was concerned.

*Judgment affirmed. Felton, C. J., and Deen, J., concur.*

SUBMITTED NOVEMBER 1, 1965—DECIDED NOVEMBER 29, 1965.

*Kimzey & Kimzey, Herbert B. Kimzey, Winston Owen,* for appellant.

*McClure, Ramsey & Struble, Robert B. Struble,* for appellee.