## 54532. SECURITY TITLE COMPANY OF GEORGIA, INC. et al. v. SAXON.

MCMURRAY, Judge.

Michael A. Saxon, Sr. entered into a contract to purchase a tract of land "being 5.59 acres" and also known as Number 1027 Mundy's Mill Road, Clayton County, Georgia, located in a certain land lot and district thereof. In order to consummate the sale the purchaser made application for a VA (Veterans Administration) loan. It was necessary that the property be surveyed, and the lender required title insurance. The loan was to be closed by Security Title Company of Georgia, Inc.

Saxon contends that when he arrived at the closing he was informed by Frank K. Haley, officer and representative and employee of Security Title Company of Georgia, Inc., that the survey had not been completed, and no property description was available for the closing, but that it could be closed in escrow and the execution of the necessary papers would not be prevented from taking place. Saxon contends that he called attention to the fact that he was to be delivered by the seller 5.59 acres of land, at which time Haley assured him that this quantity of land would be delivered to him and that he would be responsible if anything went wrong. The sale was closed without the description of the property in the deeds other than the words "See Exhibit A attached . . ." which was not attached at the time of closing. Thereafter, without his knowledge, after the survey had been received by the title company, which contained only 4.74 acres, the description was added based upon the survey and the closing

finalized. He did not receive the land for which he had bargained.

Saxon being unable to obtain redress from the title company then had the property surveyed again, showing it contained only 5.029 acres. Whereupon, he sued Security Title Company of Georgia, Inc. and Haley for $5,278, being the alleged agreed price of the land for which he bargained and did not receive. He also contends that at the closing he had employed the title company and Haley to issue him an owner's title insurance policy for the land he was purchasing and for which he was charged an additional $50; that it was the duty of the defendants to ascertain that the land did contain 5.59 acres which plaintiff thought he was buying and that the defendant, Security Title Company of Georgia, Inc., as escrow agent in holding the papers signed by plaintiff in trust, was obligated to return same to plaintiff in the event there was a shortage in the acreage. The defendants answered generally denying the complaint, contending however that the survey was not available but that the plaintiff had been guaranteed only that he would receive all of the property that the seller had to sell at that property site; that no guarantee was made plaintiff would receive 5.59 acres. A jury trial was held which rendered a verdict in favor of the plaintiff in the amount of $5,321.85. The judgment followed the verdict, and defendants appeal. *Held:*

1. Generally where the number of acres is mentioned only by way of description and not by way of covenant there can be no recovery on account of a deficiency in the quantity of land in the absence of fraud. See *Kendall v. Wells,* 126 Ga. 343 (55 SE 41). However, plaintiff here is not suing the seller for any deficiency but is suing the defendants for breach of trust arising at the time of closing, at which time an accurate survey was not available, and the plaintiff contends the defendant Haley guaranteed that he would receive 5.59 acres or he would not buy, yet the defendants when the survey was received showing the property did not contain 5.59 acres proceeded to close the transaction by filing the papers of record. While there was much evidence tending to show that the plaintiff was well aware that he was purchasing a home

site, being 1027 Mundy's Mill Road, Clayton County, Georgia, with a VA approved loan, nevertheless, there was other evidence that the defendant Haley as agent for the defendant Security Title Company of Georgia, Inc. guaranteed him that the tract would contain 5.59 acres else the transaction would not be closed. While the defendants denied this and contended that the guarantee was merely that plaintiff would receive "all of the property there that the seller has to sell," there was an issue for jury determination which was decided in favor of the plaintiff against the defendants. The trial court did not err in denying the motion for directed verdict in this case. The jury was authorized to find that there was a covenant in the contract that the tract would contain 5.59 acres; that the transaction was closed in escrow; and the escrow agents breached their trust.

2. There was evidence presented for jury consideration that defendants had closed the sale and loan as escrow agents for the parties sufficient for the jury to find there had been a breach of trust by them in completing the transaction being well aware there was less than 5.59 acres in the tract. The evidence produced two additional surveys showing a difference in acreage from 5.59 to 4.74 in one instance and 5.029 in another. This evidence was sufficient to authorize the jury to return a verdict for $5,321.85 even though plaintiff only sought judgment in the amount of $5,278. See *Harvey v. Deweill,* 102 Ga. App. 394 (2b) (116 SE2d 747); *Bell v. Thomas,* 112 Ga. App. 766 (1) (146 SE2d 126); *Hardin v. Victory Cab Co.,* 114 Ga. App. 39 (4) (150 SE2d 169).

3. The defendants having failed to separate their arguments to follow in sequence their enumerations of error, all other enumerations of error other than those complaining of the sufficiency of the evidence to support the verdict considered above are deemed to have been abandoned. Code Ann. § 24-3618 (c); *Home Indem. Co. v. Godley,* 122 Ga. App. 356 (6b) (177 SE2d 105); *McCollum Mfg. Co. v. Dept. of Transportation,* 135 Ga. App. 815 (218 SE2d 925).

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

ARGUED SEPTEMBER 21, 1977 — DECIDED NOVEMBER 1, 1977 — REHEARING DENIED NOVEMBER 28, 1977 — 

*Strother, Hicks & Wallace, Glenn H. Strother,* for appellants.

*Northcutt, Edwards & Germano, Joseph F. Page, Jay Y. McClure,* for appellee.