A96A1146. PRYOR v. PHILLIPS.
(473 SE2d 535)

Judge Harold R. Banke.
Jeannette Pryor sued Stacey Phillips after Phillips' truck collided with the back of a pickup in which Pryor was a passenger. A jury found in Phillips' favor, and she appeals from the judgment entered on that verdict. *Held*:

1. Pryor was not entitled to a directed verdict on Phillips' liability. "A directed verdict is authorized only where the evidence, with all reasonable deductions and construed in favor of the nonmovant, demands a particular verdict. OCGA § 9-11-50 (a). Where there is 'any evidence' or 'some evidence' to support the non-movant's claims, a jury issue is created and a directed verdict is improper. [Cit.]" *Orkin Exterminating Co. v. McIntosh*, 215 Ga. App. 587, 592 (4) (452 SE2d 159) (1994).

Construed in favor of the verdict, the evidence showed Phillips was a volunteer fireman responding to an emergency call. He was traveling 45 mph on a city street with his red lights flashing and his siren activated. Phillips looked away for a second; when he looked back, the driver of the vehicle in which Pryor was riding had suddenly stopped in the middle of the lane. Phillips applied his brakes

but slid on the wet pavement into the Pryor truck. Pryor's driver, Mr. Johnson, told the investigating officer he stopped because he heard the sirens. The officer testified that Phillips may have hydroplaned on the wet road. Although Phillips received a traffic citation and pleaded guilty to it, he explained that he paid the ticket only because he did not understand its significance and had no time to contest it. See *Peacock v. Strickland*, 198 Ga. App. 406 (1) (401 SE2d 601) (1991) (guilty plea not conclusive of defendant's negligence). These facts created a jury issue as to Phillips' liability. See *James v. Tyler*, 215 Ga. App. 479, 480 (1) (451 SE2d 506) (1994).

2. In her enumerations of error nos. (C) (1), (2), (3), (5), (6), (7), and (8), Pryor correctly contends the trial court erred by charging the jury that it could find Phillips to be operating an "authorized emergency vehicle" privileged to disregard maximum speed limits and other traffic laws as provided in OCGA § 40-6-6. "The burden of proving the affirmative defense that the defendant is entitled to statutory exemptions from traffic regulations rests upon [Phillips] ([cit.]), and in order that [Phillips] may claim exemptions applicable to emergency vehicles the conditions of the emergency-vehicle statute must be met. [Cit.]" *City of Macon v. Smith*, 117 Ga. App. 363, 368 (1) (160 SE2d 622) (1968). The statutory definition of "authorized emergency vehicle" includes a "*certified* private vehicle belonging to a volunteer fireman." (Emphasis supplied.) OCGA § 40-1-1 (5). But Phillips admitted he was not "certified" and had not complied with the certification process described in OCGA § 40-8-92 (b) and its applicable regulations concerning certification for volunteer firemen, Ga. Comp. Rules & Regs. §§ 570-11-.03 and 570-11-.05. This error requires reversal for a new trial. Because other issues Pryor raises in this appeal may affect the retrial of the case, we address those enumerations as well.

3. In enumeration of error (C) (4), Pryor complains of the trial court's refusal to give a requested charge which would allow the jury to find Phillips' use of a siren constituted negligence per se. She bases this argument on OCGA § 40-8-70 (b), which allows the use of sirens only on authorized emergency vehicles. Because Phillips' truck was not an "authorized emergency vehicle," she reasons, his use of the siren violated this law. See OCGA § 40-8-94. But we find no evidence indicating any causal relationship between Phillips' failure to obtain this permit and the collision, and Pryor points to none. The trial court did not err in refusing these instructions. See *Fountain v. Smith*, 103 Ga. App. 192, 196 (3) (118 SE2d 852) (1961) (no causal relationship between failure to mark police car and plaintiff's accident).

4. The trial court did not err by admitting a diagram prepared by the investigating police officer as part of his report. Pryor objected to

this diagram on the ground that under OCGA § 40-9-41, accident reports submitted to the Department of Public Safety may not be referred to or admitted in a civil damages trial. But we find no authority showing this statute, which is part of legislation intended to ensure that drivers take responsibility for accidents, applies here. Under these circumstances, the accident report was not one "filed with the [D]epartment [of Public Safety]." OCGA § 40-9-41. An accident report may, in certain instances, be admitted as a business record. *Fine v. APAC-Ga.*, 192 Ga. App. 895, 897 (1) (386 SE2d 692) (1989). Such instances may include those where a police officer testifies after having refreshed his memory of an accident investigation using the report he made of that investigation.

*Judgment reversed and remanded. McMurray, P. J., and Ruffin, J., concur.*

DECIDED JUNE 20, 1996 —
RECONSIDERATION DENIED JULY 8, 1996 —

*H. Lehman Franklin, Jr.*, for appellant.
*Barrow, Sims, Morrow & Lee, R. Stephen Sims*, for appellee.