A05A0193. REPUBLIC SERVICES OF GEORGIA, L.P. et al.
v. HOAK.
(615 SE2d 175)

MILLER, Judge.

In this action stemming from a motor vehicle collision, Republic Services of Georgia, L.P. (Republic) and Anthony Rowe appeal from

---

the trial court's denial of their motions for directed verdict and for judgment notwithstanding the verdict (j.n.o.v.). We discern no error and affirm.

> The standard for granting motions for directed verdict and for j.n.o.v. is the same. They may be granted only when no conflict exists in the evidence and the evidence presented, with all reasonable inferences therefrom, demands a particular verdict. On appeal, the standard of review is "any evidence." This court must therefore view the evidence presented at trial and determine whether some evidence supported the jury's verdict.

(Citations omitted.) *Crump v. McDonald*, 239 Ga. App. 647, 647-648 (1) (520 SE2d 283) (1999).

The evidence showed that Tracy Hoak was a passenger in a vehicle driven by Jonathan Todd. Todd testified that as he was traveling behind Anthony Rowe's trash truck, Rowe signaled that he was moving into the left lane, but veered into that lane only in preparation for a *right*-hand turn. Todd's vehicle collided with Rowe's truck as Rowe turned right, injuring Todd and Hoak.

Hoak sued Todd, Rowe, and Republic, Rowe's employer, for negligence. Todd cross-claimed against Rowe and Republic for negligence, and Rowe and Republic cross-claimed against Todd, alleging negligence and seeking contribution. These cases were consolidated for trial. The jury awarded Hoak $120,000 on his claims against Todd, Rowe, and Republic, and awarded Todd $30,000 on his cross-claim against Rowe and Republic.[1]

On appeal, Rowe and Republic argue that the trial court erred in denying their motions for directed verdict and for j.n.o.v. on the ground that in the course of presenting his cross-claim, Todd failed to provide any evidence of Rowe's and Republic's negligence to support a jury verdict in his favor. We disagree.

Here, in the interest of judicial economy, the parties had already agreed to consolidate Hoak's claim with Todd's cross-claim, since the same evidence of Rowe's and Republic's negligence would be presented in both cases. See *Wheels & Brakes v. Capital Ford Truck Sales*, 167 Ga. App. 532, 533 (1) (307 SE2d 13) (1983). As Rowe and Republic concede, any evidence presented by Todd during the presentation of his cross-claim as to Rowe's and Republic's negligence would have been repetitive of evidence already presented during Hoak's case-in-chief. Thus there was no need for Todd to put on the

---

[1] Rowe and Republic were awarded nothing on their cross-claim against Todd.

same evidence already presented earlier in the case. See, e.g., *Medlin v. Royston Lumber & Bldg. Supply*, 193 Ga. App. 608, 609-610 (2) (388 SE2d 861) (1989) (no error in court's exclusion of redirect testimony where such testimony was repetitive of the witness's prior testimony). Since there was some evidence to support the jury's verdict, the trial court did not err in denying Rowe's and Republic's motions for directed verdict and for j.n.o.v. See *City of Gainesville v. Waters*, 258 Ga. App. 555, 557 (1) (574 SE2d 638) (2002).

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED MAY 20, 2005.

*Ranitz, Mahoney & Mahoney, Thomas J. Mahoney, Jr.,* Draughn B. Whitehead, for appellants.

*Osteen & Osteen, Christopher J. Osteen, Crim & Bassler, Harry W. Bassler, Jeffery L. Arnold, Malcolm G. Schaefer,* for appellee.