A05A1718. BLOODWORTH et al. v. BLOODWORTH et al.
A05A1769. BLOODWORTH v. BLOODWORTH et al.
(626 SE2d 589)

MILLER, Judge.

This is the third appearance before us of this dispute over family property. In the wake of their mother's death, James R. "Jerome" Bloodworth and Claud Hughes sued their siblings Henry Bloodworth

and Eva Roy Bloodworth Etheredge, who had sold their mother's farm in their capacity as co-executors to another brother, Stewart Bloodworth. In *Bloodworth v. Bloodworth*, 260 Ga. App. 466 (579 SE2d 858) (2003), we reversed a grant of summary judgment to Henry and Eva Roy on the ground that factual questions remained as to whether they had acted in utmost good faith in the course of the sale. Id. at 471-472 (1). After a jury returned a verdict in favor of Jerome and Claud, the trial court entered judgment rescinding the sale of the property to Stewart. We dismissed Henry and Eva Roy's first direct appeal from this judgment because the trial court had not yet ruled on the issue of attorney fees. After a hearing, the trial court granted Jerome and Claud almost $57,000 in fees. In Case No. A05A1769, Stewart appeals from the jury's verdict in favor of Jerome and Claud on the ground that the trial court erred in its charge to the jury. In Case No. A05A1718, Henry and Eva Roy appeal from the award of attorney fees to Jerome and Claud on grounds that the evidence was insufficient and that the jury did not expressly find a breach of duty to support an award of attorney fees. We affirm the jury's verdict, but reverse on the matter of fees.

### Case No. A05A1769

1. On appeal, Stewart contends that the trial court erroneously charged the jury in two respects: first, when the trial court charged that the plaintiffs need only show fraud by a preponderance of the evidence; and second, when the trial court suggested that rescission was an available remedy for plaintiffs' claims for tortious interference. We disagree.

It is undisputed that the jury in this case was charged not only on breach of fiduciary duty, but also on actual fraud, constructive fraud, civil conspiracy, and tortious interference with contract. Neither party made any objection to the charge. The jury later returned a verdict form bearing a check mark next to the following: "We, the jury, find FOR PLAINTIFFS and order the rescission of the transfer of Mrs. Gertie Bloodworth's farm from the Co-Executors to Stewart Bloodworth." This sentence constituted the entirety of the jury's findings.

(a) Here, the defendants, including Stewart, did not object to the charge as given. Indeed, when the trial court asked whether the defendants had any exceptions to the charge, counsel replied: "No exceptions, Your Honor." Thus Stewart has waived any objections to the charge on appeal. *Ramey v. Leisure, Ltd.*, 205 Ga. App. 128, 132-133 (3) (421 SE2d 555) (1992). We have reviewed the charge, moreover, and it stated the law of fraud and deceit accurately when taken as a whole. See *City Dodge, Inc. v. Gardner*, 232 Ga. 766, 770

(208 SE2d 794) (1974) (tort of fraudulent misrepresentation requires proof of elements by a preponderance of evidence); *Black & White Constr. Co. v. Bolden Contractors*, 187 Ga. App. 805, 809-810 (5) (b) (371 SE2d 421) (1988) (approving jury charge that plaintiff must prove intent to defraud by a preponderance of the evidence). There was no error here.

(b) The defendants also failed to object to the verdict form, which did not distinguish between theories of breach of fiduciary duty, fraud, and tortious interference.

The better practice here would have been to draft a verdict form distinguishing between the causes of action presented to the jury. See *Wolff v. Middlebrooks*, 256 Ga. App. 268, 271-272 (3) (568 SE2d 88) (2002) (noting desirability of specific verdict form).

> In the absence of a verdict form requiring the jury to specify how it [found the defendants liable], the method by which a jury reaches a particular verdict is not a matter of which this Court can take judicial cognizance.

(Citation and punctuation omitted.) *Warren v. Weber & Warren Anesthesia Svcs.*, 272 Ga. App. 232, 237 (2) (612 SE2d 17) (2005) (affirming jury's award of damages where verdict form did not allow appellate court to analyze how amount of award was reached); compare *Wolff*, supra, 256 Ga. App. at 271-272 (3) (reversing award of punitive damages when verdict form did not allow appellate court to determine whether jury had found for plaintiffs under cause of action making such damages available). Thus, for the above reasons, the defendants cannot claim error in the result reached by the jury when they failed to object to the verdict form authorizing the result reached here.

## Case No. A05A1718

2. Henry and Eva Roy attack the trial court's award of attorney fees under OCGA § 53-12-193 (a) (4) in the amount of $56,959. Specifically, they contend that since the jury verdict did not find that they committed a breach of trust, the evidence was insufficient to award fees. We agree.

The plaintiffs moved for fees under OCGA § 53-12-193 (a) (4), which reads in relevant part:

> [A] trustee who commits a breach of trust is personally chargeable with any damages resulting from the breach of trust including but not limited to: . . . In the discretion of the court, expenses of litigation, including reasonable attorney's

fees incurred by the beneficiary in bringing an action on the breach or threat to commit a breach.

It is plain that there can be no recovery of any kind under this statute, including attorney fees, without a finding of a breach of trust. Since fraud, to take only one of the theories advanced by the plaintiffs, can occur in the context of an arms-length transaction, the jury was authorized to find for the plaintiffs without also finding that the defendants had committed a breach of trust. See, e.g., OCGA § 51-6-2 (a) (defining fraud without reference to breach of trust); *Security Title Co. &c. v. Saxon*, 144 Ga. App. 136, 137-138 (1) (240 SE2d 282) (1977) (distinguishing between fraud and breach of trust in action arising from land purchase).

In the absence of a verdict form presenting the jury with the question whether the defendants breached a fiduciary duty, the trial court was in no position to supplement that verdict with its own findings after the fact. See *Wolff*, supra, 256 Ga. App. at 271-272 (3) (reversing punitive damages award where verdict form did not allow for the finding prerequisite to that award); *Hewett v. Raytheon Aircraft Co.*, 273 Ga. App. 242, 249-250 (2) (614 SE2d 875) (2005) (given general rule against recovery of attorney fees, factfinder must make specific findings even where statute does not expressly require such findings). The trial court erred when it awarded fees to the plaintiffs under OCGA § 53-12-193 (a).

3. In light of our holding in Division 1, we need not reach Henry and Eva Roy's remaining contentions.

*Judgment affirmed in part and reversed in part. Blackburn, P. J., and Bernes, J., concur.*

DECIDED JANUARY 26, 2006.

*Walker, Hulbert, Gray, Byrd & Christy, Lawrence C. Walker, Jr.*, for appellants (case no. A05A1718).

*Chamberlain, Hrdlicka, White, Williams & Martin, James L. Paul*, for appellant (case no. A05A1769).

*Stone & Baxter, Ronald C. Thomason, Sell & Melton, Blake E. Lisenby*, for appellees.