A06A1096. R. O. C. et al. v. ESTATE OF BRYANT et al.
(632 SE2d 429)

BLACKBURN, Presiding Judge.

Jeannine Christian, as next friend of her minor sons R. O. C. and C. D. C., filed this tort action against the estate of Charles Bryant, and against Carol Garnier and Annette Singleton individually and as administratrices of Bryant's estate, alleging that Bryant sexually molested her sons and fraudulently conveyed property to Garnier and Singleton that could be used to satisfy an adverse civil judgment. Following a defense verdict and the denial of her motion for judgment notwithstanding the verdict (j.n.o.v.), Christian appeals, arguing that the trial court erred in (i) denying her motion for directed verdict;

---

(ii) denying her motion for j.n.o.v.; (iii) denying her motion for new trial; (iv) excluding evidence as to the character of the decedent; (v) sustaining an objection to part of her counsel's closing argument; and (vi) rebuking her counsel for that same argument. For the reasons set forth below, we affirm.

1. In three separate enumerations of error, Christian contends that the trial court erred in denying her motions for directed verdict, for j.n.o.v., and for a new trial. Because each of these enumerations concerns the sufficiency of the evidence presented at trial, we address them simultaneously.

Where a jury returns a verdict, the same must be affirmed on appeal if there is any evidence to support it, and the evidence is to be construed in a light most favorable to the prevailing party with every presumption and inference in favor of sustaining the verdict. *Edwards v. Sabat*.[1] We review a denial of a motion for a new trial according to this same standard. See *Bhansali v. Moncada*.[2] Furthermore, "[a] directed verdict is authorized only where the evidence, with all reasonable deductions and construed in favor of the nonmovant, demands a particular verdict. OCGA § 9-11-50 (a)." (Punctuation omitted.) *Pryor v. Phillips*.[3] "Where there is any evidence or some evidence to support the non-movant's claims, a jury issue is created and a directed verdict is improper." (Punctuation omitted.) Id. Moreover,

> [t]he standard for granting motions for directed verdict and for j.n.o.v. is the same. They may be granted only when no conflict exists in the evidence and the evidence presented, with all reasonable inferences therefrom, demands a particular verdict. On appeal, the standard of review is "any evidence." This court must therefore view the evidence presented at trial and determine whether some evidence supported the jury's verdict.

*Republic Svcs. of Ga. v. Hoak*.[4]

So construed, the evidence shows that on February 8, 2000, a case manager for the Elbert County Department of Family and Children Services (DFCS) received a confidential report alleging that Charles Bryant had sexually molested Jeannine Christian's sons, R. O. C. and C. D. C. The case manager interviewed both boys separately and was told by R. O. C. that several months earlier,

---

[1] *Edwards v. Sabat*, 263 Ga. App. 852 (589 SE2d 618) (2003).

[2] *Bhansali v. Moncada*, 275 Ga. App. 221, 222 (1) (620 SE2d 404) (2005).

[3] *Pryor v. Phillips*, 222 Ga. App. 116 (1) (473 SE2d 535) (1996).

[4] *Republic Svcs. of Ga. v. Hoak*, 273 Ga. App. 330, 331 (615 SE2d 175) (2005).

Bryant had touched R. O. C.'s privates and had made him watch pornographic movies while R. O. C. was staying at Bryant's home. In C. D. C.'s interview with the case manager, C. D. C. did not make any specific allegations that Bryant had improperly touched him. Based on these allegations, Bryant was arrested the following day and confined to the Elbert County jail.

Upon hearing that Bryant had been arrested and jailed, his sisters, Carol Garnier and Annette Singleton, sought a bond for Bryant's release. They were told that the best way to secure a bond was for Bryant to convey property to them and for them to use that property as collateral for a loan. Based on this advice, Bryant conveyed property to his sisters; however, they were not successful in securing the bond. Several months later, before being tried on the sexual abuse allegations, Bryant died in jail.

Nearly one year later, Christian, as next friend of R. O. C. and C. D. C., filed an action with one count against Bryant's estate for an intentional tort and with another count against the estate, Garnier, and Singleton for the fraudulent conveyance of Bryant's property. At trial, Christian testified that R. O. C. told her of Bryant's sexual abuse, but admitted that R. O. C. had been suffering from depression and other emotional problems prior to the time the abuse allegedly occurred. R. O. C. also testified but did not recall many of the details of the sexual abuse. For the defense, Allison Wallace testified that she often played with R. O. C. and C. D. C. when they were staying over at Bryant's home, but that she did not recall Bryant ever showing pornography or acting inappropriately.

After both sides rested, Christian moved for a directed verdict, which the court denied. Subsequently, the jury returned a verdict for the defendants, finding according to the verdict form that Christian had not proven by a preponderance of the evidence that R. O. C. and C. D. C. had been sexually abused by Bryant or that Bryant had fraudulently conveyed his property to Garnier and Singleton. Christian filed a motion for j.n.o.v., or in the alternative for new trial, both of which the court denied. This appeal followed.

Christian contends that the evidence was uncontradicted that Bryant sexually abused R. O. C. and C. D. C., and that the court should have either directed a verdict, granted j.n.o.v., or granted a new trial on the basis that an intentional tort was committed and proven under OCGA § 51-1-14.[5] She further argues that the uncontradicted evidence proved that Bryant's conveyance of his property to

---

[5] OCGA § 51-1-14 provides that "[a]ny violent injury or illegal attempt to commit a physical injury upon a person is a tort for which damages may be recovered."

Garnier and Singleton was fraudulent according to former OCGA § 18-2-22 (3).[6] We disagree.

Here, because of the death of the alleged tortfeasor and the lack of any physical evidence or nonparty witnesses to the alleged sexual abuse, the jury rendered its defense verdict based on the credibility of the testifying witnesses, including those defense witnesses that testified as to their belief that Bryant would not have committed such abuse. Given that the jurors are the exclusive judges of the weight and credibility of the evidence, we will not second guess their determination of those issues here, and thus we do not find that the verdict as to the intentional tort of sexual abuse was contrary to the weight of the evidence. See *Moss v. Weiss.*[7]

Moreover, as a consequence of the jury's defense verdict as to alleged sexual abuse, Christian no longer has a viable claim for fraudulent conveyance against Bryant's estate or Garnier and Singleton. "By its specific terms, OCGA § 18-2-22 applies to creditors and others. These others include plaintiffs with claims against debtors liable as tortfeasors, or otherwise for an unascertained damage to person or property, so far as fraudulent conveyances are concerned." (Punctuation omitted.) *Bryant v. Browning.*[8] Inasmuch as the jury's verdict extinguished Christian's tort claim against Bryant's estate, she no longer can be characterized as one of the "others" with standing to contest the conveyance under the statute. Accordingly, the fraudulent conveyance claim necessarily fails. See id. In light of the evidence supporting the jury's verdict, the trial court did not err in denying Christian's motions for directed verdict, for j.n.o.v., and for new trial. See *Republic Svcs. of Ga.*, supra, 273 Ga. App. at 332.

2. Prior to trial, the estate filed a motion in limine to exclude evidence regarding Bryant's previous conviction in 1983 for sodomy. Christian contends that the trial court erred in granting the motion, arguing that the conviction was relevant and should have been admitted to demonstrate Bryant's general character and his lustful disposition. We disagree.

Decisions regarding the admissibility of evidence fall within the trial court's discretion, and such decisions will not be reversed absent a clear abuse of discretion. *Eubanks v. Waldron.*[9] "The general

---

[6] Former OCGA § 18-2-22 (3) provided that "[t]he following acts by debtors shall be fraudulent in law against creditors and others and as to them shall be null and void: . . . [e]very voluntary deed or conveyance, not for a valuable consideration, made by a debtor who is insolvent at the time of the conveyance." Repealed by Ga. L. 2002, p. 141, § 2, effective July 1, 2002.

[7] *Moss v. Weiss*, 275 Ga. App. 690 (621 SE2d 807) (2005).

[8] *Bryant v. Browning*, 259 Ga. App. 467, 468-469 (1) (576 SE2d 925) (2003).

[9] *Eubanks v. Waldron*, 263 Ga. App. 75 (587 SE2d 253) (2003).

character of the parties and especially their conduct in other transactions are irrelevant matter unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct."[10] "However, such testimony may be admitted if relevant to an issue in the case and if the evidence does not place too great a danger of undue consumption of time, confusion of issues, undue prejudice or unfair surprise." (Punctuation omitted.) *Troncalli v. Jones.*[11] In civil cases involving allegations of fraud, other transactions may be admissible to show motive or intent, but those transactions must be close in time and part of a common scheme before being admitted as indicative of general practice or course of conduct. *Kothari v. Patel.*[12]

Christian argues that Bryant's past conviction should have been admitted because she is alleging a fraudulent conveyance as part of her claim against his estate and because the conviction was for behavior similar to the sexual abuse of which Bryant is being accused. The trial court had the discretion to find that Bryant's 1983 sodomy conviction was neither part of a common scheme relating to either the alleged sexual abuse or the fraudulent conveyance nor close in time to those events. See *Kothari*, supra, 262 Ga. App. at 170-171 (1). Moreover, the trial court did not abuse its discretion in finding that the admission of Bryant's past conviction into evidence would have unduly prejudiced his estate's defense. See *Troncalli*, supra, 237 Ga. App. at 16 (4). Accordingly, the trial court did not err in excluding Bryant's past conviction from evidence.

3. Christian contends that the trial court erred in sustaining the estate's objection to part of her counsel's closing argument because no basis for the objection was stated. She further contends that the trial court erred in rebuking her counsel after sustaining the estate's objection, arguing that the part of her counsel's closing that drew the objection was not improper. We disagree.

"In ruling upon motions or objections to improper closing argument, the trial court is vested with a sound discretion, and this Court will not grant a new trial unless there has been a manifest abuse of that discretion." *F. D. Wilson Trucking Co. v. Ferneyhough.*[13] During part of Christian's closing argument, her counsel in referring to Bryant stated, "If Tony hadn't been guilty he wouldn't have been over here in jail." Bryant's estate immediately objected to this statement

---

[10] OCGA § 24-2-2.

[11] *Troncalli v. Jones*, 237 Ga. App. 10, 16 (4) (514 SE2d 478) (1999).

[12] *Kothari v. Patel*, 262 Ga. App. 168, 170-171 (1) (585 SE2d 97) (2003).

[13] *F. D. Wilson Trucking Co. v. Ferneyhough*, 269 Ga. App. 736, 737 (1) (605 SE2d 132) (2004).

and asked that the trial court instruct the jury to disregard it. The trial court sustained the objection and instructed the jury not to consider the statement.

Because the trial court sustained the objection, it was unnecessary for the estate's counsel to state the objection's basis. See *Garner v. Victory Express*.[14] Furthermore, the trial court's rebuke of Christian's counsel, via the court's instruction to the jury to disregard part of counsel's closing argument, was not improper. Flights of oratory and false logic do not call for rebuke. *F. D. Wilson Trucking Co.*, supra, 269 Ga. App. at 737 (1). However, counsel may not mislead the jury with misstatements of law. See *Johnson v. State*.[15] Here, Christian's counsel equated arrest with conviction by a court of law by stating that Bryant's incarceration meant that he was guilty of child molestation. In doing so, counsel misstated the law, and thus the trial court's rebuke of that argument did not constitute an abuse of discretion. See *Johnson*, supra, 186 Ga. App. at 892 (1).

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED JUNE 7, 2006.

*Thomas M. Strickland*, for appellants.
*Margaret N. Dyal*, for appellees.

---

[14] *Garner v. Victory Express*, 264 Ga. 171, 172 (2) (442 SE2d 455) (1994).

[15] *Johnson v. State*, 186 Ga. App. 891 (1) (369 SE2d 48) (1988).