A09A2294. FREESE II, INC. v. MOSES et al.
(689 SE2d 98)

BLACKBURN, Presiding Judge.

In this personal injury action, Freese II, Inc., d/b/a Club Blaze ("Freese"), appeals from the trial court's order denying its motion for a new trial. Finding that Freese has waived the claims of error

---

[17] *Farris v. State*, 293 Ga. App. 674, 676 (667 SE2d 676) (2008).

which it seeks to raise in this appeal, we affirm.

> Where a jury returns a verdict, the same must be affirmed on appeal if there is any evidence to support it, and the evidence is to be construed in a light most favorable to the prevailing party with every presumption and inference in favor of sustaining the verdict. We review a denial of a motion for a new trial according to this same standard.

(Citation omitted.) *R. O. C. v. Estate of Bryant*.[1]

So viewed, the record shows that Fabian Moses and Carlton Allen, Jr., each sustained injuries during an altercation with employees of Club Blaze, a local dance club. They subsequently sued those employees and the club's corporate owner, Freese. Moses and Allen asserted claims for assault and battery and also sought to hold Freese liable on theories of premises liability, negligent hiring, and respondeat superior.

The consolidated pretrial order reflects that Freese requested a verdict form that required the jury to specify a separate finding of liability (or no liability) as to each of the named defendants and to specify the amount of damages (if any) being awarded against each defendant. That proposed verdict form, however, did not ask the jury to identify the theory of liability on which any damages award was based.

At the close of the appellees' case, Freese sought a directed verdict on all three theories of liability asserted against it. The trial court granted that motion as to the premises liability claim, but denied it as to the claims for negligent hiring and respondeat superior. At the close of all evidence, Freese renewed its motion for a directed verdict on the claims of negligent hiring and respondeat superior, and the trial court again denied the same. The trial court thereafter discussed the verdict form with counsel for all parties, and counsel for Freese specifically requested that the court use the form proposed by Freese in the consolidated pretrial order. The trial court agreed, and Freese's requested verdict form was given to the jury.

The jury returned a verdict in favor of appellees and against all defendants, but awarded damages only against Freese.[2] The trial court entered judgment on that verdict, and Freese subsequently filed a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. Freese now appeals from the trial court's denial of that motion, asserting that it is entitled to a new trial because: (1) the evidence could not support a finding of liability

---

[1] *R. O. C. v. Estate of Bryant*, 279 Ga. App. 652, 653 (1) (632 SE2d 429) (2006).

[2] The jury awarded Moses $200,000 in damages and awarded Allen $20,000.

based on negligent hiring; and (2) based on the verdict form, it is impossible to tell whether the jury's finding of liability as to Freese was based on negligent hiring or respondeat superior.

In analyzing Freese's claims of error, we first note that Freese does not assert that the evidence was insufficient to support a finding of liability against it based on respondeat superior. Rather, Freese asserts that the errors complained of occurred *because the verdict form Freese proposed* allowed the jury to find liability based on the theory of negligent hiring. Given that Freese requested the verdict form which authorized the verdict reached here, however, its claims present "no error of law in the verdict for us to review." *Dickey v. Clipper Petroleum.*[3] "In the absence of a verdict form requiring the jury to specify [on what theory] it found the defendants liable, the method by which a jury reaches a particular verdict is not a matter of which this Court can take judicial cognizance." (Punctuation omitted.) *Bloodworth v. Bloodworth.*[4] See also *Brock v. Douglas Kohoutek, L.P.*[5] This is because by proffering an improper verdict form, and having the same accepted and used by the trial court, Freese has waived its right to challenge the jury's verdict based on that form. See *Dept. of Human Resources v. Phillips*[6] ("[i]t is well established that one cannot complain of a judgment, order, or ruling that her own procedure or conduct procured or aided in causing, nor can she be heard to complain of or question on appeal a judgment which she invokes"); *Ploof Truck Lines v. Bennett*[7] ("[i]f the form of the verdict was improper, it was incumbent upon defendant[ ] to make [its] objections as to irregularity of form at the time of its rendition or otherwise such technicality is waived"); *Bloodworth*, supra, 277 Ga. App. at 389 (1) (b).

In light of the foregoing, we affirm the order of the trial court denying Freese's motion for a new trial.

*Judgment affirmed. Adams and Doyle, JJ., concur.*

DECIDED DECEMBER 22, 2009.

*Smith, Welch & Brittain, John P. Webb*, for appellant.

---

[3] *Dickey v. Clipper Petroleum*, 280 Ga. App. 475, 480 (4) (634 SE2d 425) (2006).
[4] *Bloodworth v. Bloodworth*, 277 Ga. App. 387, 389 (1) (b) (626 SE2d 589) (2006).
[5] *Brock v. Douglas Kohoutek, L.P.*, 225 Ga. App. 104, 109 (3) (483 SE2d 342) (1997).
[6] *Dept. of Human Resources v. Phillips*, 268 Ga. 316, 320 (2) (486 SE2d 851) (1997).
[7] *Ploof Truck Lines v. Bennett*, 221 Ga. App. 789, 791 (3) (472 SE2d 552) (1996).

*Anthony T. Pete, Morris P. Fair, Jr.*, for appellees.