**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**GOBEIL and PINSON, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 22, 2022**

# In the Court of Appeals of Georgia

A22A0526. FORD v. MACON-BIBB COUNTY.
A22A0527. HARDAWAY v. MACON-BIBB COUNTY.

MCFADDEN, Presiding Judge.

Lelia Ford and Shakine Hardaway filed complaints against Macon-Bibb County, alleging that they suffered injuries when their vehicle collided with a fire truck that entered an intersection on a red light. The trial court granted Macon-Bibb County's motions for summary judgment in both cases, and the plaintiffs filed these appeals. Because the records and briefs in both cases are virtually identical, we address the appeals together. We hold that whether the fire truck driver was entitled to the privilege of OCGA § 40-6-6, which allows emergency vehicles to proceed past a red light in certain circumstances, depends on disputed issues of material fact. So we reverse in both cases.

1. *Facts*.

"On appeal from the [grant] of summary judgment the appellate court is to conduct a de novo review of the evidence to determine whether there exists a genuine issue of material fact, and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." *Brown v. DeKalb County*, 333 Ga. App. 441 (777 SE2d 23) (2015) (citation omitted). So viewed, the evidence shows that Hardaway was driving a cargo van in which Ford was a passenger. The van approached an intersection and had the green light. When Hardaway saw the fire truck crossing his path, he braked, but skidded into the fire truck.

The fire truck was responding to an emergency, and its emergency lights and sirens had been activated. The driver of the fire truck, Carl Williams, testified that he stopped at the intersection, saw that traffic had stopped, and proceeded through the red light, when the van struck the fire truck in the intersection. But, as detailed below, Ford testified that the fire truck did not stop.

The trial court granted Macon-Bibb County's motions for summary judgment on the ground that, under OCGA § 40-6-6, Williams was entitled to proceed through the red light. Under that statute, the driver of an authorized emergency vehicle may

2

proceed past a stop signal "after slowing down as may be necessary for safe operation" if the driver is responding to an emergency call and is using an audible signal and a flashing or revolving red light visible from 500 feet under normal conditions. OCGA § 40-6-6 (a), (b), (c). The plaintiffs filed these appeals.

2. *The plaintiffs did not waive their argument.*

As an initial matter, we address Macon-Bibb County's contention that the plaintiffs waived their argument on appeal because they did not raise it in the trial court. Macon-Bibb County relies on *Pfeiffer v. Ga. Dept. of Transp.*, 275 Ga. 827 (573 SE2d 389) (2002). Under *Pfeiffer*, "a party [cannot] seek to reverse a grant of summary judgment by raising a new argument for the first time on appeal." *Barnes v. Turner*, 278 Ga. 788, 789 (1) n.6 (606 SE2d 849) (2004). But the plaintiffs challenge the factual basis of Macon-Bibb County's entitlement to the affirmative defense that, under OCGA § 40-6-6, Williams was privileged to enter the intersection against the red light. See *Pryor v. Phillips*, 222 Ga. App. 116, 117 (2) (473 SE2d 535) (1996) ("The burden of proving the affirmative defense that the defendant is entitled to statutory exemptions from traffic regulations rests upon (the defendant), and in order that (the defendant) may claim exemptions applicable to emergency vehicles

3

the conditions of the emergency-vehicle statute must be met.") (citations and punctuation omitted). So *Pfeiffer* does not apply.

On appellate review of a granted summary judgment, the non-moving party may assert that the movant did not meet its evidentiary burden of proving a prima facia case—a requirement for the movant to show that it is entitled to judgment as a matter of law—even if the non-moving party did not expressly raise that assertion in the trial court. *Dental One Assoc. v. JKR Realty Assoc.*, 269 Ga. 616, 617-618 (1) (501 SE2d 497) (1998). In other words, "an argument on a factual issue that is part of the movant's prima facie case[, such as Macon-Bibb County's entitlement to rely on the privilege of OCGA § 40-6-6,] is not waived by failing to raise it in the trial court." *Kammerer Real Estate Holdings v. PLH Sandy Springs*, 319 Ga. App. 393, 399 (740 SE2d 635) (2012) (on motion for reconsideration), disapproved in part on other grounds by *Artson, LLC v. Hudson*, 322 Ga. App. 859, 862 (2) n.1 (747 SE2d 68) (2013). To be entitled to summary judgment, Macon-Bibb County had the burden of pointing to

> evidence sufficient to make out a prima facie case [on its affirmative defense]. A defendant moving for summary judgment based on an affirmative defense may not rely upon an absence of evidence in the record disproving the affirmative defense. It was not the obligation of

[the plaintiffs] to argue before the trial court that [Macon-Bibb County] failed to meet this burden; rather, it was the responsibility of the trial court to review the evidence and determine whether a prima facie case had been proven by the movant. As such, [the plaintiffs] are entitled to urge on appeal that [Macon-Bib County] failed to show that the [facts necessary to apply OCGA § 40-6-6 are disputed], even if they did not raise that specific factual argument in the court below.

*Falanga v. Kirschner & Venker, P.C.*, 286 Ga. App. 92, 97 (648 SE2d 690) (2007) (citations and punctuation omitted). Because the trial court granted summary judgment to Macon-Bibb County based on the affirmative defense of the OCGA § 40-6-6 privilege "and because the argument[] raised on appeal by [the plaintiffs] concerning that [affirmative defense was an] argument[] that the trial court necessarily had to resolve adversely to [the plaintiffs] to grant summary judgment to [Macon-Bibb County]," we may consider the argument on appeal. *McCombs v. Synthes*, 277 Ga. 252, 253 (587 SE2d 594) (2003).

So we proceed to address the merits of the plaintiffs' argument.

3. *Whether the fire truck slowed as necessary is a fact question.*

The plaintiffs do not dispute that the fire truck was responding to an emergency call, OCGA § 40-6-6 (a), or that the fire truck's siren and lights were activated, OCGA § 40-6-6 (c). Rather, they argue that whether Williams "slow[ed] down as

5

[was] necessary for safe operation[,]" OCGA § 40-6-6 (b) (2), before proceeding through the red light is a disputed issue of material fact. We agree.

To show that it meets the slow-down-as-necessary component of the OCGA § 40-6-6 affirmative defense, Macon-Bibb County relies on fire truck driver Williams' testimony that he stopped before entering the intersection. But Ford testified that the fire truck did not stop. Specifically, in the written statement that she gave to the Bibb County Sheriff's Office, which was attached to her deposition, Ford wrote that she and Hardaway "were driv[ing] down 247 to Macon. The [f]ire truck came out[.] The [f]ire truck did not stop and we hit the truck." During her deposition, Ford identified the written statement as her own and affirmed that it was still true and correct. When a testifying witness acknowledges the truth and accuracy of an unsworn statement, "the witness adopts the previously unsworn statement as part of his present, sworn testimony." *CSX Trans. v. Belcher*, 276 Ga. 522, 523-524 (1) (579 SE2d 737) (2003).

Given this conflict between Williams' testimony and Ford's testimony, whether the fire truck stopped before entering the intersection on the red light, thereby entitling Macon-Bibb County to the statutory defense, is a question for the jury. OCGA § 9-11-56 (c). So we reverse the trial court's orders granting Macon-Bibb

6

County's motions for summary judgment. We do not reach the plaintiffs' other arguments.

*Judgments reversed. Gobeil and Pinson, JJ., concur.*

7